CAROLYN CONATY, FORMERLY CAROLYN BOELHOWER, APPELLEE, v. CONRAD BOELHOWER, APPELLANT.

352 N.W.2d 619

Filed August 3, 1984.   No. 83-446.

Paul W. Deck of Deck & Deck, for appellant.

William L. Binkard, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

HASTINGS, J.

The defendant appeals from an order entered by the district court refusing to set aside the registration of a foreign default judgment in the amount of $20,904.70 from the State of Wisconsin.

Four errors are assigned, but we need deal only with the one claiming no personal jurisdiction over the defendant on the part of the Wisconsin court.

Plaintiff's original petition alleged and sought to register a decree of divorce entered by the circuit court of Milwaukee County, Wisconsin, in which the defendant had been ordered to

pay child support of $200 per month. It was further alleged, as reflected by the certificate of the clerk of the court, that the defendant was some $20,000 in arrears on his payments.

After various motions and arguments the plaintiff abandoned the attempted registration of the divorce decree, and instead caused a new action in the form of a complaint to be filed in Wisconsin, seeking to ascertain and declare the amount of back child support due and owing in the divorce case. Substituted service was had on the defendant within the State of Nebraska. A default judgment was then entered by the Wisconsin court against the defendant in the amount of $20,904.70. It is this judgment which plaintiff sought to register by her amended petition.

The plaintiff, although recognizing that a personal money judgment could not be supported on the basis of the service obtained in this case, insists that the rule of *State v. Wedige*, 205 Neb. 687, 289 N.W.2d 538 (1980), applies; i.e., it is unnecessary for additional service of summons each time a new hearing has been set in a case where a court has already acquired personal jurisdiction over the parties.

This was not an additional hearing in the same case. Why the plaintiff abandoned her effort to register the divorce decree, or, for that matter, failed to seek relief through the provisions of the Revised Uniform Reciprocal Enforcement of Support Act (Neb. Rev. Stat. §§ 42-762 et seq. (Reissue 1978)), we do not know. The fact remains that the judgment sought to be registered emanated from an entirely new, albeit a related, action. As such, it required personal service of summons on the defendant, particularly in the state of the record which fails to disclose a sufficient quantum of contacts in Wisconsin for personal jurisdiction to attach.

The judgment of the district court is reversed, and the cause is remanded with directions to dismiss the petition for registration.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.