## LUCIEN WOODWORTH v. F. L. THOMPSON.

FILED MARCH 5, 1895.    NO. 5207.

1. **Evidence** examined, and *held* sufficient to sustain the verdict.

2. **Landlord and Tenant:** PAROL AGREEMENT FOR REPAIRS. Where a tenant is not obligated by his lease to make any particular repairs a subsequent parol agreement, whereby certain extensive repairs are agreed upon, the landlord promising to pay the cost thereof above a certain sum, is valid and will be enforced.

3. ——: ——: CONSIDERATION. In such case the making of the repairs by the tenant and his promise to pay a portion of the cost constitute a sufficient consideration for the landlord's promise.

4. **Depositions:** OBJECTIONS FIRST RAISED AT TRIAL. It is not reversible error for the trial court to refuse to strike out a portion of the answer of a witness in a deposition because the answer stated the witness' conclusion as to the effect of the language used by one whose conversation is related, instead of repeating the language itself, the answer being probative in its character and material to the issues, and no objection having been made until the deposition was read at the trial.

5. **Pleadings:** AMENDMENTS: USE OF ORIGINAL IN ARGUMENT. Where an amended pleading has been filed the original loses its force as a pleading, and the adverse party may not read it to the jury or comment upon it in argument without first offering it in evidence.

ERROR from the district court of Douglas county.    Tried below before DAVIS, J.

*Brown & Talbott,* for plaintiff in error.

*Brome, Andrews & Sheean, contra.*

IRVINE, C.

The plaintiff in error brought suit against the defendant in error, charging in the first count of his petition that

Woodworth had rented to Thompson a hotel building in Omaha at a rental of $300 per month, and that upon the rent so reserved there was $1,100 due and unpaid. In the second count it was charged that Woodworth had leased to Thompson a piano at a rental of $5 per month, and that $50 was due on this account. Judgment was prayed for these two amounts.

The second amended answer, on which the case was finally tried, was to the effect that after Thompson entered into possession Woodworth, desiring to have certain repairs made, employed Thompson to procure the same to be made and agreed to pay the reasonable price therefor beyond the sum of $500; that Thompson caused such repairs to be made to the reasonable value of $1,750, whereby there became due him from the plaintiff $1,250. Answering the second count of the petition, Thompson averred that the rental price of the piano was $4 per month, and that prior to the expiration of the first month the lease therefor was terminated, but the piano was allowed to remain at the hotel at the request of Woodworth. Thompson admitted that there was due to Woodworth $1,104, and asked judgment for the difference between that sum and $1,250. There was a verdict for the defendant for $172.70. From this the defendant remitted $27.80, and on overruling the motion for a new trial judgment was entered for $144.90, from which judgment the plaintiff prosecutes error.

The plaintiff in error argues that the verdict is not sustained by the evidence. The original lease was in writing and contained a provision as follows: "All improvements on the second story to be made by the party of the second part," Thompson. But the testimony of Thompson was to the effect that the so-called improvements then contemplated, were of a minor character, and after they had been begun it was found necessary or advisable to make very extended repairs. In particular that it was found necessary to renew the plumbing throughout the whole build-

Woodworth v. Thompson.

ing. Thompson did not feel like undertaking such extensive repairs and thereupon he proposed to Woodworth that the repairs should be made; that he, Thompson, would bear the expense up to $500, and Woodworth the remainder. Woodworth agreed to this. This testimony is flatly contradicted by Woodworth, and, perhaps, if the case were presented to us to decide in the first instance we would consider the weight of the evidence in favor of Woodworth, but there was sufficient evidence to sustain Thompson's theory. In this connection the plaintiff in error argues that if such a contract were established it would be void for want of consideration. In support of this proposition several cases are cited to the effect that for one to agree to do what he is already bound to do, or for one to waive a legal obligation on the part of the other, is *nudum pactum;* but that is not this case. The lease did not require any particular repairs or improvements to be made. Thompson was not obliged to make any improvements, and the agreement to make and in part pay for the particular improvements which were made was a sufficient consideration for Woodworth's promise to pay for the remainder. The deposition of Thompson was read in evidence. This question was asked, "You may now state what conversation or conversations you had with the plaintiff concerning the improvements to be made on the hotel property, and when and where the conversations were had." The witness then proceeded at great length, and without objection, to answer this question. Near the close of his answer he states the proposition which he made to Woodworth in regard to repairs, and proceeds as follows: "This he agreed to do, and he was knowing to all the work that was done. All of it was necessary to the good of the house, and he got the benefit of it all." When the deposition was offered in evidence on the trial, and not before then, objection was made to so much of the answer as we have quoted. This was overruled, and complaint is made of the ruling of the court in that regard.

It is objected that the statement, "This he agreed to do," was the statement of a conclusion merely and incompetent. The witness was not stating the effect of any agreement, but the language used was equivalent merely to a statement that Woodworth assented to Thompson's proposition. Probably the witness should have been required, if possible, to state the language; but while our Code allows exceptions to depositions for incompetency to be made at the trial (Code, sec. 390), still, where the objection is of this character, going merely to the form of a question or answer and is directed against only a portion of an answer to a question calling for a narrative statement, and no objection has been made to that question, the court is justified in overruling the objection when made for the first time on the trial of the case, even though the portion of the answer objected to is not strictly competent. This objection being directed against a portion of an answer to a question not calling for such an answer in such form is similar to a motion to strike out incompetent testimony after it has been admitted. The answer being material and of a probative character it should not be struck out where no opportunity was given, by objection to the form when the deposition was taken, to establish the same fact in a more regular manner.

Objection is made to two or three rulings whereby the court admitted testimony to the effect that Woodworth had knowledge of the repairs throughout their progress. It is claimed this testimony was immaterial. We do not think so. It would probably be entitled to very little weight, but such testimony, accompanied as it was by some proof to the effect that Woodworth exercised supervision over some of the work, tends to throw light upon the transaction and afford some corroboration for the defendant.

Finally, the plaintiff in error complains because the trial court refused to permit his counsel to read to the jury in argument and comment upon certain allegations in the first

amended answer. The record shows that the defendant offered testimony to explain the differences between the first amended answer and the second amended answer on which the case was tried. This evidence the court excluded unless the first amended answer was offered in evidence. It was not offered in evidence, but the defendant undertook to read it to the jury and comment upon it. The court forbade this procedure, and without doubt correctly. Counsel cite us to *Colter v. Calloway*, 68 Ind., 219, and *Holmes v. Jones*, 121 N. Y., 461. These cases hold that the pleadings are a part of the record and open to the comments of counsel and consideration of the jury, although not offered in evidence; but both cases, as well as those of *White v. Smith*, 46 N. Y., 418, and *New Albany & Vincennes Plank Road Co. v. Stallcup*, 62 Ind., 345, were cases where the question arose as to pleadings upon which the case was tried and not pleadings which had been superseded by amendment. Where a pleading has been so superseded and an amended pleading has been filed the original ceases to perform any office as a pleading, and the party is no longer estopped by its allegations. It is not such a part of the record as to be open to the inspection and criticism of the jury, but it may be offered in evidence by the adverse party merely as an admission, not conclusive, but open to explanation and rebuttal. (*Johnson v. Powers*, 65 Cal., 179; *Boots v. Canine*, 94 Ind., 408; *Strong v. Dwight*, 11 Abb. Pr., n. s., [N. Y.], 319.) "It has been over and over again decided that when pleadings are superseded by amendment they must be brought again before the court by some appropriate method; in such a case as this that method is by offering them in evidence." (*Boots v. Canine, supra.*) This court has tacitly recognized this rule. (*Bunz v. Cornelius*, 19 Neb., 107; *McGavock v. City of Omaha*, 40 Neb., 64.) If counsel had desired to avail themselves of any admission in the first amended answer, they should therefore, have offered it in evidence and so afforded the defense an opportunity

of meeting it. Not having done so, they had no right to read it to the jury or comment upon it.

JUDGMENT AFFIRMED.