PATRICK E. McKILLIP, APPELLANT, V. R. N. HARVEY, APPELLEE.

FILED DECEMBER 5, 1907.   No. 14,994.

1. Appearance: SPECIAL AND GENERAL. A defendant may appear specially to object to the jurisdiction of the court, but if, by motion or other form of application to the court, he seeks to bring its powers into action, except on the question of jurisdiction, he will be deemed to have appeared generally. *Cropsey v. Wiggenhorn,* 3 Neb. 108.

2. ———: ———. In an action at law against a nonresident defendant, if service is made upon the defendant in any manner not authorized by law, defendant may appear specially and move to quash the service, but, if he go further and pray for a dismissal of the case, it will be held to be a general appearance in the action, as it invokes the power of the court on a question other than that relating to jurisdiction. *Bucklin v. Strickler,* 32 Neb. 602.

APPEAL from the district court for Boone county: JAMES N. PAUL, JUDGE. *Reversed.*

*H. C. Vail,* for appellant.

*H. Halderson, contra.*

FAWCETT, C.

This case is before us on an appeal from a judgment of the district court for Boone county dismissing plaintiff's action, for the reason, as stated in the judgment of the court, "that it appears on the face of the pleadings filed herein by the plaintiff that, under the law, he has no cause of action." Plaintiff filed his petition, declaring upon a promissory note, the petition being in the usual form, and making all of the necessary allegations to entitle him to recover. An examination of the transcript, *dehors* the petition, discloses the fact that defendant was a nonresident of the state of Nebraska. Plaintiff filed his affidavit, and sued out a writ of attachment and pro-cured the issuance of a writ of garnishment, making serv-

ice by publication. Answers were made by the garnishees. Subsequently thereto plaintiff, by leave of court, filed a supplemental petition, asking for equitable relief, on the theory that he had exhausted his legal remedy under his original petition. To this petition defendant filed a special appearance, and moved the court to quash the service of summons, for the reasons: First, that the time intervening between the filing of the petition and the affidavit for publication was so great as to raise a presumption that a change in the facts of the case had occurred during the interim; second, because the affidavit for service by publication did not state that the case was one of those mentioned in section 77 of the code, and did not state facts showing that any of the grounds for service by publication provided in said section existed; third, because the answers of the garnishees in the action then on file showed that the defendant had no property in this state at the time of the commencement of the action; and, fourth, because the notice of publication erroneously stated that two of the garnishees had answered that they had property of the defendant, while the answers of the said garnishees on file showed the contrary to be the fact. As said by SULLIVAN, J., in *Bankers Life Ins. Co. v. Robbins,* 59 Neb. 170: "The effort of the company evidently was to try the matter and obtain a judgment on the merits while standing just outside the threshold of the court. This it could not do. A party cannot be permitted to occupy so ambiguous a position. He cannot deny the authority of the court to take cognizance of an action or proceedings, and, at the same time, seek a judgment in his favor on the ground that his adversary's allegations are false or that his proofs are insufficient."

The court sustained the second reason above assigned and overruled the other three; gave plaintiff leave to file a new affidavit for service by publication, and continued the cause for service. Plaintiff thereupon filed a new affidavit and gave new notice. Defendant then appeared and filed a demurrer to that petition upon three grounds:

"First, this court has no jurisdiction of the person of the defendant; second, because two causes of action are improperly joined; third, because it does not state facts sufficient to constitute a cause of action." By agreement of the parties in open court, this demurrer was submitted to the court upon briefs filed by the respective parties. After the submission of the case upon demurrer, and without a ruling thereon, plaintiff asked and obtained leave of the court to withdraw his supplemental petition. Defendant then filed this motion: "Comes now the defendant in the above entitled cause of action, and moves the court to dismiss the same for the following reason: That it appears upon the face of the pleadings filed by the plaintiff herein that the defendant is a nonresident of the state of Nebraska, and that at the time of the commencement of this action he had no property or debts owing him in the state of Nebraska." Upon that motion the court entered this judgment: "This cause came on to be heard on the motion of the defendant herein filed to dismiss this action, for the reason that it appears on the face of the pleadings filed herein by the plaintiff that, under the law, he has no cause of action, which motion was argued and submitted to the court, and the court, on consideration thereof, being fully advised, sustains the said motion to dismiss, the plaintiff excepting." In this we think the district court erred. The motion filed by defendant was clearly a general appearance. The rule is well settled in this state that "a defendant may appear specially to object to the jurisdiction of the court, but if, by motion or other form of application to the court, he seeks to bring its powers into action, except on the question of jurisdiction, he will be deemed to have appeared generally." *Cropsey v. Wiggenhorn*, 3 Neb. 108, cited and adhered to in many later decisions by this court. In *Bucklin v. Strickler*, 32 Neb. 602, defendant's motion was "to dismiss this case for want of proper service." In the opinion the court say: "The motion is too broad. It is to dismiss the action. The most that could be done in any case, where the only objection is

that the service is defective, is to quash the summons. In such case the appearance must be limited to that purpose, otherwise it is general."

The only petition in the case at the time defendant's motion was filed was the original petition filed by plaintiff, declaring on his promissory note. This stated a good cause of action; hence, it was error on the part of the court to dismiss the action. The supplemental petition had been withdrawn, and could not be looked to in considering defendant's motion. But, even if it were to be considered, we would still be compelled to hold that defendant, both by his "special appearance" and by his general demurrer, appeared generally. *Bankers Life Ins. Co. v. Robbins, supra,* and *Gilbert v. Hall,* 115 Ind. 549, cited therein with approval. From either point of view, the court erred in dismissing the action.

We therefore recommend that the judgment of the district court be reversed, and plaintiff's action reinstated, and that the cause be remanded for further proceedings.

AMES and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and plaintiff's action reinstated, and the cause remanded for further proceedings.

REVERSED.