In re Interests of Robert Raymond Watson
Wedige and April Joy Antonette Rodriquez,
children under 18 years of age.
State of Nebraska, appellee, v. Janet Ann Wedige,
natural mother, appellant.

289 N. W. 2d 538

Filed March 11, 1980. No. 42586.

James A. Nanfito, for appellant.

Donald L. Knowles, Douglas County Attorney, and Marjorie A. Records, for appellee.

Heard before Boslaugh, McCown, Clinton, and Hastings, JJ., and Colwell, District Judge.

McCown, J.

This is an action in the Separate Juvenile Court of Douglas County, Nebraska, to declare two minor children lacking in proper parental care within the meaning of section 43-202 (2) (b) and (c), R. R. S. 1943, and to terminate the parental rights of the defendant, Janet Ann Wedige, under the provisions of section 43-209 (2) and (3), R. R. S. 1943. The Separate Juvenile Court found the minor children to be within

the statutory classification and terminated the parental rights of the defendant mother. The mother has appealed.

On February 22, 1978, a deputy county attorney of Douglas County filed a petition in the Separate Juvenile Court seeking to have Robert Raymond Watson Wedige, born May 8, 1966, and April Joy Antonette Rodriquez, born January 22, 1968, declared lacking in proper parental care within the meaning of section 43-202 (b) and (c), R. R. S. 1943; and praying further that the court terminate the parental rights of the defendant, Janet Ann Wedige, the natural mother of the minor children, under the provisions of section 43-209 (2) and (3), R. R. S. 1943. Summons was duly served on the defendant mother by leaving a copy of the summons and petition at her usual place of residence. Counsel was appointed for the minor children and also for the mother. Following a hearing, the children were placed in the custody of Douglas County Social Services for foster care placement pending final disposition of the case.

The defendant filed motions to make more definite and certain and to strike, which were partially granted and partially denied. An adjudication hearing date was twice set and twice continued, either on stipulation of the parties or on motion for continuance by the defendant. The adjudication hearing date was thereafter set for October 18, 1978. For some reason, additional summonses were issued and attempts made to serve the defendant on each occasion a new hearing date was set. Upon the return of the last summons showing the defendant not found in Douglas County, notice by publication was also made. On October 16, 1978, the defendant filed a special appearance challenging the jurisdiction of the court over her person which was overruled 2 days later.

The adjudication hearing was held on October 18, 1978. The defendant appeared by counsel, but did

not appear in person. The evidence established that the defendant was an alcoholic, and that when she was drinking she was unable to care for the two children. Testimony of several witnesses established that she was intoxicated three to four times a week; that she had locked the children out of the apartment on many occasions; and the apartment manager had to be called to let the children into the apartment. On occasion she left the children alone in the apartment overnight. On one occasion she left the children with a neighbor and was gone for 4 days. She was hospitalized for alcoholism on three occasions, and most of the witnesses agreed that for all or most of the time of their acquaintanceship with the defendant she was unable to provide proper parental care for the children. She attempted suicide on one occasion early in 1978, and expressed a desire to have the children remain in foster care. The evidence indicated that except when defendant was drinking the children were clothed and fed and the apartment was reasonably clean on most occasions. There was no evidence of physical abuse of the children.

Evidence at the disposition hearing established that the defendant had previously been adjudged neglectful of these children, and the record shows that since 1972 to the date of trial the children had been placed in foster care five times for periods of time ranging from 1 month to 1 year, for a total of approximately 3½ years. Each foster care placement was made because the defendant was unable to render necessary parental care.

The Separate Juvenile Court found that the two minor children were neglected children within the meaning of section 43-202 (2) (b) and (c), R. R. S. 1943, and that the defendant had substantially, continuously, and repeatedly neglected the children and failed to provide for them within the meaning of section 43-209 (2) and (3), R. R. S. 1943. The court then

terminated all parental rights of the defendant as to the two minor children and this appeal followed.

The defendant first contends that the trial court erred in overruling her special appearance objecting to jurisdiction over her person. The basis of the contention is that the final summons by publication was not in accordance with statute, and that consequently due process was violated. The record destroys the contention.

The service of the first summons was effective to give the court jurisdiction over the person of the defendant. There is no explanation as to why the subsequent three summonses were issued. There is obviously no necessity for an additional service of summons each time a new hearing has been set where a court has already acquired jurisdiction over the parties. If there were any issue as to whether service of summons in the first instance was proper, it was resolved when the defendant moved to make the petition more definite and certain and later moved for continuances. It has long been the rule that the filing of a motion to dismiss, a motion to make more definite and certain, a motion to strike or for a continuance, or any motion invoking the power of the court on any question other than jurisdiction constitutes a general appearance and confers jurisdiction over the moving party. See Kohler v. Ford Motor Co., 187 Neb. 428, 191 N. W. 2d 601 (1971). In the case now before us the record also shows that the defendant had actual notice of both the adjudicative and dispositional hearings, and that her counsel was present and participated. The defendant's contention as to jurisdiction and notice is frivolous.

The defendant also contends the evidence is insufficient to establish the unfitness of the defendant, or to support the termination of parental rights. The right of parental custody and control is a natural but not an inalienable right. The public also has a paramount interest in the protection of the rights of chil-

dren.  In a proceeding in juvenile court under sections 43-202 (2) and 43-209, R. R. S. 1943, the court may terminate all parental rights of parents when the court finds such action to be in the best interests of the child or children, and it appears from the evidence that the parent or parents have substantially and continuously or repeatedly neglected the child or children and refused to give the child or children necessary parental care and protection.  State v. Jenkins, 198 Neb. 311, 252 N. W. 2d 280 (1977).

Parental rights may be terminated under section 43-209, R. R. S. 1943, only upon presentation of clear and convincing evidence.  In a case terminating parental rights, review in the Supreme Court is made de novo on the record.  State v. Spittler, 204 Neb. 503, 283 N. W. 2d 48 (1979).

Although the trial court's findings of fact are entitled to great weight in any case, the evidence of parental neglect is clear and convincing in the present case, and the judgment of the Separate Juvenile Court was correct.

AFFIRMED.