BEVERLY A. WARD, APPELLEE, V. BLAINE E. WARD, APPELLANT.

373 N.W.2d 389

Filed September 6, 1985.   No. 84-334.

James S. Watson of McHenry and Watson, for appellant.

Hal Bauer of Bauer, Galter, Geier & Flowers, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Respondent, Blaine E. Ward, appeals from the overruling of his motion for a new trial in a domestic relations case. Petitioner-appellee, Beverly A. Ward, filed her action seeking a

decree of legal separation from her husband. The husband answered the wife's petition and cross-petitioned for a dissolution of the marriage between the parties. The record before us does not show how the petition for legal separation was disposed of (possibly because of the truncated bill of exceptions filed herein), but the matter proceeded to trial, and a decree of dissolution of marriage was entered on March 29, 1984. After his motion for new trial was overruled, the husband timely appealed to this court. In his praecipe for the bill of exceptions, the husband requested that "[t]he Bill of Exceptions should contain all testimony of Respondent [husband] and all of the Exhibits." On page 1 of the bill of exceptions, the court reporter notes: "(As per the praecipe, this bill of exceptions commences with the testimony of the respondent.)."

The trial took place over 2 days. We have a record to examine consisting of the husband's testimony only, along with the exhibits. We have no record indicating how 17 of the first 18 exhibits were received in evidence. In his brief in this court the husband assigns nine errors, all presenting alleged errors of the trial court in dividing the parties' property or in awarding too much alimony to the wife.

Neb. Ct. R. 5A (rev. 1983) states in pertinent part:

    5.   Bill of Exceptions.

        A.   Ordering Bill of Exceptions.

        (1)   Appellant shall file a request to prepare a bill of exceptions in the office of the clerk of the District Court at the same time the notice of appeal is filed. . . .

        (2)   The request shall specifically identify each portion of the evidence and exhibits offered at any hearing which the party appealing believes material to issues to be presented to the Supreme Court for review. The court reporter shall prepare only those portions specified in the request for preparation of bill of exceptions. If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or contrary to the evidence, the bill of exceptions must include all evidence relevant to the finding or conclusion. . . .

        (3)   If the appellee believes additional evidence should be included in the bill of exceptions, the appellee

shall, within 10 days after service of the request for bill of exceptions filed by the appellant, file a supplemental request for preparation of bill of exceptions. . . .

In the trial of this domestic relations case, each party testified. There were no other witnesses. The issues, as presented by the pleadings, the husband's testimony, and the exhibits, concern a marriage occurring in 1954. Each party pled that the parties had acquired property during the marriage and that an equitable division or distribution of that property should be made by the court.

Without going to the merits of the husband's assignments of error, we must first consider the wife's response to this appeal that if an appellant intends to urge on appeal that a finding or conclusion is not supported by the evidence, the bill of exceptions must include all evidence relevant to the finding or conclusion. See rule 5A(2), above.

In our review of property division and alimony matters, we are governed by the rule set out in *Guggenmos v. Guggenmos*, 218 Neb. 746, 748-49, 359 N.W.2d 87, 90 (1984), that

the division of property and the awarding of attorney fees in marriage dissolution cases are matters initially entrusted to the sound discretion of the trial judge, which matters, on appeal, will be reviewed de novo on the record and affirmed in the absence of an abuse of the trial judge's discretion. In our de novo review, where the evidence is in conflict, we will give weight to the fact that the trial judge observed and heard the witnesses and accepted one version of the facts rather than another.

It is, of course, impossible to review this record de novo and reach any valid conclusion as to the proper exercise of the trial court's discretion when we have before us only the testimony of one party to the marriage. We have no basis to conclude that "all evidence relevant to the finding or conclusion" is before us, and we are unable to properly conduct our de novo review as set out above.

The husband states that if the wife wanted any more evidence she could file a supplemental request as permitted by rule 5A(3), set out above. The husband mistakes the import of rule 5. That rule, in mandatory form, requires that if the appellant

intends to urge on appeal that the findings or conclusions of the trial court are not supported by the evidence, the bill of exceptions *must* include all evidence relevant to the findings or conclusion attacked by the appellant. Here, appellant sets out more than 10 errors which he alleges the court made in its property division. It defies human understanding to believe that the wife did not testify to a different conclusion with regard to these factual matters.

We hold that in a domestic relations case on appeal, where each party has testified, the burden is on the appellant to have a bill of exceptions prepared containing the testimony and evidence of each party on any of the issues affected by the trial court's decree of dissolution to be presented for review by appellant.

In the circumstances of this case we determine that the husband did not present to this court a proper record for our review and that there exists no duty of appellee to supplement that record to make appellant's case on appeal. The judgment of the lower court is affirmed.

AFFIRMED.