DONALD F. ELIASON, APPELLANT, V. THOMAS W. DEVANEY ET AL.,
APPELLEES.

422 N.W.2d 356

Filed April 21, 1988.    No. 87-821.

Terri M. Weeks of Edstrom, Bromm, Lindahl & Wagner, for appellant.

No appearance for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

This is an action upon two promissory notes alleged to have been signed by the defendants, Thomas W. Devaney and Jess S. Holman. Apparently, the defendant Thomas W. Devaney is a nonresident of Nebraska.

A summons issued April 16, 1984, addressed to Thomas F. Devaney, was sent by certified mail to the defendant at a Los Angeles address. An affidavit of proof of service on Thomas F. Devaney with a return receipt attached was filed on May 10, 1984. On January 2, 1985, the defendant Devaney filed a special appearance. The special appearance was sustained on September 23, 1985, by an order dated October 2, and filed October 4.

On October 15, 1985, the defendant Devaney filed a motion to quash the plaintiff's motion for leave to rehear. The defendant's motion alleged that the plaintiff's motion was not a proper pleading and was, in effect, a motion for new trial, and that plaintiff's motion was premature and a nullity because it was filed October 2, 1985, prior to the filing of the journal entry on October 4.

On June 2, 1987, the plaintiff filed an "Election to Stand on Petition Filed." By an order dated August 25, 1987, and filed August 27, the action was dismissed. The plaintiff has appealed.

The plaintiff's assignments of error allege that the trial court erred in sustaining the special appearance on the ground that the service by certified mail was insufficient, and that the defendant made a general appearance by a motion to dismiss and the motion to quash.

With respect to the second assignment of error, the record shows the following occurred at a hearing on the defendant's special appearance on January 21, 1985:

> [Mr. Muller, attorney for defendant]: . . . Without proper service of summons as set forth in the statutes, the Court has no jurisdiction over Mr. Devaney. He is an out-of-state defendant and this matter cannot proceed forward. It should be dismissed.
>
> MR. WAGNER: Is it your motion that the matter should be dismissed?

MR. MULLER: Absolutely, right now.

MR. WAGNER: Your Honor, that is participation in an issue other than Special Appearance which is not before the Court. As a consequence, it is a general appearance and the issue is moot.

Apparently, the trial court did not consider the motion to dismiss made by the defendant's attorney as a general appearance because the court believed the defendant's attorney had misspoken.

It has long been held in this jurisdiction that one who invokes the power of the court on any question other than jurisdiction makes a general appearance so as to confer jurisdiction over himself. *Cockle v. Cockle*, 215 Neb. 329, 339 N.W.2d 63 (1983); *State v. Wedige*, 205 Neb. 687, 289 N.W.2d 538 (1980). A motion to dismiss is a request which invokes the power of the court on an issue other than jurisdiction and is a general appearance.

In *Bucklin v. Strickler*, 32 Neb. 602, 49 N.W. 371 (1891), a summons had been issued and served upon Strickler. Strickler then filed an affidavit raising technical objections to the form of the summons. At the same time, Strickler made an oral motion to dismiss the case for want of proper service. The trial court sustained the motion to dismiss, and the plaintiff appealed. In reversing the judgment, we stated:

> [T]he motion is too broad. It is to dismiss the action. The most that could be done in any case, where the only objection is that the service is defective, is to quash the summons. In such case the appearance must be limited to that purpose, otherwise it is general.

(Citations omitted.) *Id*. at 607, 49 N.W. at 372.

In *Welch v. Ayres*, 43 Neb. 326, 61 N.W. 635 (1895), in which the plaintiff sued a nonresident, service was had by publication upon Blanchard, one of the defendants. Blanchard moved to dismiss the action for want of jurisdiction, for the reason that she had no property in the state. The trial court dismissed the action, but upon appeal the judgment was reversed. The court stated:

> The motion which was made and sustained was too broad. It should have been limited to the single question of the

> jurisdiction of the court over the person of the defendant Blanchard. The filing of a motion to dismiss the suit constitutes a general appearance. It is a waiver of all defects in the service by publication, and gives the court jurisdiction of the person of the defendant.

(Citations omitted.) *Id.* at 331, 61 N.W. at 637.

In *McKillip v. Harvey*, 80 Neb. 264, 114 N.W. 155 (1907), another case involving a nonresident, the defendant filed a motion to dismiss for the reason that he was a nonresident and had no property or debts owing to him in the State of Nebraska. The trial court sustained the motion, and on appeal the judgment was reversed. The court stated:

> The motion filed by defendant was clearly a general appearance. The rule is well settled in this state that "a defendant may appear specially to object to the jurisdiction of the court, but if, by motion or other form of application to the court, he seeks to bring its powers into action, except on the question of jurisdiction, he will be deemed to have appeared generally."

(Citations omitted.) *Id.* at 266, 114 N.W. at 156.

In *Kohler v. Ford Motor Co.*, 187 Neb. 428, 191 N.W.2d 601 (1971), the trial court overruled the defendant's special appearance. The defendant then filed a motion to dismiss the action due to the plaintiff's failure to comply with a pretrial order. This court held that the motion to dismiss was a general appearance which made the issue raised by the special appearance moot.

Finally, in *State v. Wedige, supra* at 690, 289 N.W.2d at 540, this court stated:

> It has long been the rule that the filing of a motion to dismiss, a motion to make more definite and certain, a motion to strike or for a continuance, or any motion invoking the power of the court on any question other than jurisdiction constitutes a general appearance and confers jurisdiction over the moving party.

The motion to dismiss which the defendant's attorney made in open court on the record during the hearing on January 21, 1985, may have been made without counsel's realizing the effect of the motion. That, however, would not ordinarily affect the

legal effect of the motion.

It is, however, not necessary to rest the decision on the motion to dismiss made at the hearing on Janaury 21, 1985. The motion to quash, filed October 15, 1985, attacking the plaintiff's motion for leave to rehear, clearly invoked the power of the court on an issue other than jurisdiction over the person of the defendant, and was a general appearance.

It is unnecessary to consider the plaintiff's other assignment of error.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.