ERIC L. NIPP, APPELLANT, V. TWIN TOWERS CONDOMINIUM ASSOCIATION AND MID-AM, INC., APPELLEES.

546 N.W.2d 794

Filed April 19, 1996.   No. S-94-737.

Dennis W. Clark and Thomas D. Wulff, of Welch, Wulff & Childers, for appellant.

Jerald L. Rauterkus, of Erickson & Sederstrom, P.C., for appellee Mid–Am, Inc.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

WRIGHT, J.

Eric L. Nipp sued Twin Towers Condominium Association (Twin Towers) and Mid–Am, Inc. (Mid–Am), when the ceiling of his condominium collapsed, which resulted in water damage to the condominium and his belongings. Nipp obtained a default judgment against Mid–Am which was later set aside by the county court. The district court affirmed, and Nipp appeals.

## SCOPE OF REVIEW

On questions of law, a reviewing court has an obligation to reach its own conclusions independent of those reached by the inferior courts. *Johnson v. Holdrege Med. Clinic, ante* p. 77, 541 N.W.2d 399 (1996).

## FACTS

On November 15, 1993, Nipp filed an amended petition in the county court for Douglas County naming Twin Towers and Mid–Am as defendants. The record does not indicate the outcome of the case as to Twin Towers. No answer was filed by Mid–Am, and on January 21, 1994, a default judgment was entered in favor of Nipp and against Mid–Am in the sum of $12,727.96 plus court costs. On January 28, Mid–Am moved to set aside the judgment, representing that the court costs incurred by Nipp had been paid. On February 3, Nipp's counsel received

an amended motion to set aside the judgment, which again represented that Mid–Am had paid Nipp's court costs when the original motion to set aside the judgment was filed. The court sustained the amended motion and set aside the judgment.

On February 14, 1994, Nipp filed a notice of appeal, amended request for transcript, request for bill of exceptions, and statement of issues with the clerk of the Douglas County Court. Also on February 14, Mid–Am paid the $29.08 in court costs incurred by Nipp. The Douglas County District Court affirmed the county court's vacating of the default judgment, and Nipp appeals.

## ASSIGNMENT OF ERROR

Nipp asserts that the district court erred in affirming the order of the county court which vacated the default judgment previously entered against Mid–Am.

## ANALYSIS

Nipp argues that the county court did not have jurisdiction or authority to set aside the default judgment until after the statutory conditions of Neb. Rev. Stat. § 25–2720 (Reissue 1995) had been met. Section 25–2720 provides:

> When judgment shall have been rendered against a defendant in his absence, the same may be set aside upon the following conditions: (1) That he pay the costs awarded against him; (2) that his motion be made within thirty days after such judgment was entered; (3) that he notify in writing the opposite party, or his attorney, or cause it to be done, of the opening of such judgment and of the time and place of trial, at least five days before the time thereof, if the party reside in the county, and if neither the plaintiff nor his attorney be a resident of the county, by leaving a written notice thereof at the office of the clerk of the court ten days before the trial; *Provided*, that the time of trial shall not be more than forty days after the rendition of the judgment.

*Credit Bureau of Hastings, Inc. v. George*, 203 Neb. 338, 278 N.W.2d 608 (1979), dealt with the identically worded predecessor statute, Neb. Rev. Stat. § 24–537 (Cum. Supp. 1976). We held that this statute sets forth the exclusive method

which must be followed in order to have a default judgment reopened or set aside in the county court.

Prior to 1976, a similar statute, Neb. Rev. Stat. § 26-1,100 (Reissue 1964), set forth the procedure for opening or setting aside default judgments in courts in metropolitan and primary cities. In *State Furniture Co. v. Abrams*, 146 Neb. 342, 19 N.W.2d 627 (1945), we held that § 26-1,100 was exclusive and that the municipal court had no jurisdiction to set aside a default judgment unless the provisions set forth therein were followed.

The question in this appeal is whether Mid-Am substantially complied with the requirements of § 25-2720. We conclude that Mid-Am did not, and we therefore reverse the judgment of the district court and remand the cause to the district court with directions to remand to the county court with directions to reinstate the judgment in favor of Nipp.

The record demonstrates that Mid-Am had not paid the court costs prior to the time the default judgment was set aside by the county court on February 3, 1994. One of the requirements of § 25-2720 is that the defendant pay the costs awarded against him. We hold that the payment of these costs is a prerequisite to a county court's exercise of its jurisdiction to set aside a default judgment. These costs must be paid before the court may exercise its discretion to set aside the default judgment. Such prerequisite is not satisfied by the subsequent payment of the costs after the judgment has been set aside.

The order of the district court affirming the county court's order vacating the default judgment is reversed, and the cause is remanded to the district court with directions.

REVERSED AND REMANDED WITH DIRECTIONS.