IN RE INTEREST OF RONDELL B., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. GINA B., APPELLANT.
546 N.W.2d 801

Filed April 25, 1996.   No. S-95-549.

Milo Alexander for appellant.

Marti L. English, of Child Support Services of Nebraska, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CAPORALE, J.

## I. STATEMENT OF CASE

The Douglas County Separate Juvenile Court ordered Gina B., the appellant mother, to pay monthly support for Rondell B., the juvenile at interest. The mother urges that as she was not served with summons on the separate support hearing at which that issue was considered and decided, the juvenile court lacked jurisdiction over her person in that regard, and, thus, the support order is null and void. The mother being correct, we vacate and set aside the support order.

## II. SCOPE OF REVIEW

As a matter controlled by statute, this case presents a question of law. With respect to such a question, an appellate court is obligated to reach an independent conclusion irrespective of the determination made by the court below. *Nipp v. Twin Towers Condo. Assn.*, ante p. 888, 546 N.W.2d 794 (1996).

## III. FACTS

On January 27, 1994, the county attorney for Douglas County filed a petition alleging that the subject juvenile, being under the age of 18 years and lacking proper parental care by reason of the faults or habits of his mother, came within the

court's jurisdiction under the provisions of Neb. Rev. Stat. § 43–247(3)(a) (Reissue 1993). An amended petition was filed on March 14, a second amended petition on July 15, and a third amended petition on August 2. Each amended petition continued to allege that the juvenile came within the purview of § 43–247(3)(a), but modified other allegations. Neither the petition, amended petition, nor second amended petition contained any support allegations, but each nonetheless prayed for orders concerning the "care, custody, control and support" of the juvenile as might be appropriate. The third amended petition contained no support allegations and prayed only for "such orders" as might be appropriate. The mother was personally served with a summons and copy of the petition and the second and third amended petitions. Each summons referred to the respective petition, but did not otherwise specify the relief sought.

After the filing of the amended petition but before the filing of the second amended petition, the county attorney, on June 20, 1994, filed a motion for support. The motion was mailed to counsel representing the mother, together with a notice of hearing thereon. No summons was served on anyone with regard thereto. Although the hearing on the motion was originally scheduled to be heard on July 25, 1994, it was continued five times and was not held until March 9, 1995. In the meantime, on November 9, 1994, the juvenile court held a dispositional hearing, at which it ordered, inter alia, that the juvenile remain in the custody of the Nebraska Department of Social Services.

The record does not reveal at whose behest or why the continuances on the support motion came about. In any event, a notice of the hearing to be held March 9, 1995, on the support motion was directed to counsel for the mother. At the hearing, counsel orally objected to the juvenile court's jurisdiction to order support on the ground that the mother had not been served with summons. No other matters were treated at the hearing, and the court took the jurisdictional issue under advisement.

In its order dated April 17, 1995, the juvenile court determined that it had personal jurisdiction over the mother. It

then held a hearing on May 15 to determine various issues, including support. Counsel for the mother continued to assert that the court lacked jurisdiction to order his client to pay support. The court nonetheless entered the subject support order.

## IV. ANALYSIS

Resolution of the issue presented requires that we consider the statutes relating to the service of process and notice in the juvenile court and the manner in which the jurisdiction of the court was questioned.

### 1. SERVICE OF PROCESS AND NOTICE

Neb. Rev. Stat. § 43–274 (Reissue 1993) empowers a county attorney having knowledge of a juvenile falling within the purview of § 43–247(3)(a) to institute proceedings to determine whether support is to be ordered pursuant to Neb. Rev. Stat. § 43–290 (Reissue 1993). Section 43–290 provides, in relevant part, that

whenever the care or custody of a juvenile is given by the court to someone other than his or her parent . . . the court shall make a determination of support to be paid by a parent for the juvenile at the same proceeding at which placement, study, or treatment is determined or at a separate proceeding. Such proceeding, which may occur prior to, at the same time as, or subsequent to adjudication, shall be in the nature of a disposition hearing.

At such proceeding, after summons to the parent of the time and place of hearing served as provided in sections 43–262 to 43–267, the court may order and decree that the parent shall pay . . . a reasonable sum that will cover in whole or part the support . . . of the juvenile . . . .

Neb. Rev. Stat. § 43–263 (Reissue 1993) provides that upon "the filing of the petition, a summons with a copy of the petition attached shall issue requiring the person who has custody of the juvenile or with whom the juvenile may be staying to appear personally . . . ." Neb. Rev. Stat. § 43–267(2) (Reissue 1993) further provides that

> [n]otice of the time, date, place, and purpose of any juvenile court hearing subsequent to the initial hearing, for which a summons or notice has been served or waived, shall be given to all parties either in court, by mail, or in such other manner as the court may direct.

In this case, the support proceeding clearly was a separate one conducted subsequent to adjudication. Nonetheless, the county attorney argues that the language of § 43-290, reading "[a]t such proceeding, after summons to the parent of the time and place of hearing served as provided in sections 43-262 to 43-267, the court may order and decree that the parent shall pay," means that the court may proceed with a support hearing after the parent has been served with a summons concerning the underlying juvenile action. But the words "at such proceeding" refer to the support hearing conducted and require that a summons be served on the parent of the time and place of that hearing. Thus, if the support hearing is not conducted at the same proceeding at which placement, study, or treatment is determined for which the parent was issued a summons, then in order to comply with § 43-290, a separate summons must be served.

Contrary to the contention of the county attorney, that requirement of § 43-290 is not changed by the language of § 43-267(2). In the first place, upon the filing of the third amended petition, the preceding petitions ceased to have any function. See *Midwest Laundry Equipment Corp. v. Berg*, 174 Neb. 747, 119 N.W.2d 509 (1963) (amended pleading supersedes original pleading; after amendment, original pleading ceases to perform any office). See, also, *Woodworth v. Thompson*, 44 Neb. 311, 62 N.W. 450 (1895). As the operative third amended petition made no reference to support, it can hardly be said that summons had been either served or waived in regard to that issue. Moreover, whatever the adequacy or inadequacy of any of the various petitions with respect to support, *Waite v. Samson Dev. Co.*, 217 Neb. 403, 348 N.W.2d 883 (1984) (although prayer part of petition, it is no portion of statement of facts required to constitute cause of action), we simply are not free to disregard the requirement of § 43-290 that in the event of a separate support hearing, a summons with

regard thereto is to be served. In construing a statute, a court must attempt to give effect to all of its parts, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless; it is not within the province of a court to read anything plain, direct, and unambiguous out of a statute. *State v. Joubert*, 246 Neb. 287, 518 N.W.2d 887 (1994). See, also, *State v. Campbell*, 247 Neb. 517, 527 N.W.2d 868 (1995).

Consequently, unless conferred by the mother's conduct, the juvenile court lacked jurisdiction over the mother's person and thus lacked jurisdiction to order her to pay support.

### 2. METHOD OF QUESTIONING JURISDICTION

This premise brings us to the manner in which the mother questioned the juvenile court's jurisdiction. The bill of exceptions demonstrates that counsel for the mother orally called to the juvenile court's attention its lack of jurisdiction over the mother with respect to the support issue.

We have held that before filing any other pleading or motion, one may file a special appearance for the sole purpose of objecting to a court's assertion or exercise of personal jurisdiction over the objector. *Williams v. Gould, Inc.*, 232 Neb. 862, 443 N.W.2d 577 (1989). An appearance is special when its sole purpose is to question the jurisdiction of the court. *West Town Homeowners Assn. v. Schneider*, 221 Neb. 674, 380 N.W.2d 265 (1986). It unquestionably would have been better practice for counsel to have filed such a written special appearance. But the fact that he did not do so did not serve to confer upon the juvenile court jurisdiction over the mother's person.

It is also true, as the county attorney argues, that one who, having entered a special appearance, seeks further relief or makes a later request for other relief may be held to have made a general appearance. *West Town Homeowners Assn., supra.* Moreover, Neb. Rev. Stat. § 25-516.01 (Reissue 1995) provides that a defendant's "participation in proceedings on any issue other than jurisdiction over the person waives any objection that the court erred in overruling the special appearance except the

objection that the defendant is not amenable to process issued by a court of this state."

Thus, the filing of a motion for a continuance constitutes a general appearance and confers jurisdiction over the moving party. *Eliason v. Devaney*, 228 Neb. 331, 422 N.W.2d 356 (1988); *State v. Wedige*, 205 Neb. 687, 289 N.W.2d 538 (1980). But while the record shows that the support hearing was continued numerous times, there is nothing in the record showing that the mother either personally or through counsel sought any of these postponements. We cannot assume that any of those delays were requested by the mother.

In so writing, we are not unmindful that it is an appellant's duty to include in the bill of exceptions matters which are material to the issues presented for review. See *Bell Fed. Credit Union v. Christianson*, 244 Neb. 267, 505 N.W.2d 710 (1993). We similarly held in *Ward v. Ward*, 220 Neb. 799, 373 N.W.2d 389 (1985), an appeal from a decree dissolving the marriage of the parties, dividing their property, and awarding the wife alimony, that a bill of exceptions containing only the evidence adduced by the appellant husband was inadequate and provided no basis for modifying the trial court decree. We reasoned that without all the evidence, we could not undertake the required de novo review to determine whether the trial court had abused its discretion in entering its decree. That being so, we held that it was not incumbent upon the wife to have filed a supplemental request for the preparation of a bill of exceptions which included the evidence she adduced.

However, here, the mother provided us with a bill of exceptions which demonstrates that she entered a special appearance. Given that our review is for an error of law, the evidence she has presented in the bill of exceptions satisfies her burden to show that she properly objected to the juvenile court's assertion of jurisdiction over her person. If evidence existed to establish that the mother in some manner waived the service of summons, it was incumbent upon the county attorney to ask the court reporter to include such evidence in the bill of exceptions. See Neb. Ct. R. of Prac. 5B(1)c (rev. 1995).

What the record does reveal, however, is that in response to the juvenile court's question at the support hearing as to

whether counsel for the mother had any objection to the court's receiving in evidence an exhibit consisting of this court's child support guidelines, counsel responded: "None, Your Honor." It would certainly have been more cautious practice for counsel to have said something such as, "With all due respect, I am not here, Your Honor," or "I have no comment, Your Honor." But the fact remains that counsel's statement did not amount to such participation in the proceeding that he thereby entered a voluntary appearance on behalf of his client. After all, counsel did not volunteer that he had no objection to the receipt of the exhibit, he merely responded to a question the court had no reason to pose. In the absence of anyone making an objection, there is none upon which a court can rule. In the context made, counsel's statement constituted no more than a refusal to interject in the proceeding.

## V. JUDGMENT

Since as to the separate support proceeding the juvenile court acquired no jurisdiction over the person of the mother, the order directing her to pay such is null and void, and we accordingly vacate and set it aside.

VACATED AND SET ASIDE.

GERRARD, J., dissenting.

I dissent from the majority opinion for the reason that the juvenile court had personal jurisdiction over the mother; thus, the court had the statutory power to order her to pay support in the postdisposition proceeding.

Neb. Rev. Stat. § 43–290 (Reissue 1993) allows the support obligation of a parent whose child is in the care or custody of another to be determined in a proceeding separate from the proceeding at which placement is determined. "At such proceeding, after summons to the parent of the time and place of hearing *served as provided in sections 43–262 to 43–267*, the court may order and decree that the parent shall pay . . . a reasonable sum that will cover in whole or part the support . . . of the juvenile . . . ." (Emphasis supplied.) § 43–290.

I disagree with the majority's determination that a separate summons is required when a hearing on a motion for support is subsequent to the initial hearing for which a summons was

served. Neb. Rev. Stat. § 43–267 (Reissue 1993) provides, once service has been perfected to a parent for a prior hearing, that notice of "any juvenile court hearing subsequent to the initial hearing, for which a summons or notice has been served or waived, shall be given to all parties either in court, by mail, or in such other manner as the court may direct."

In the instant case, the mother was personally served with a summons and a copy of the initial petition. Prior to the hearing for support, notice of a hearing concerning a motion for support was mailed to the mother's counsel.

The hearing at which the mother contested personal jurisdiction concerned the separate motion for support, for which the mother had received adequate notice, and the court had previously obtained personal jurisdiction. I would affirm the order of the juvenile court.

WRIGHT, J., joins in this dissent.