IN RE INTEREST OF BRITTANY B., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. JENNA B., APPELLANT.
546 N.W.2d 811

Filed April 25, 1996.   No. S-95-614.

Christina Thornton for appellant.

Marti L. English, of Child Support Services of Nebraska, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CAPORALE, J.

The Douglas County Separate Juvenile Court ordered Jenna B., the appellant mother, to pay monthly support for Brittany B., the juvenile at interest. The mother urges that as she was not served with summons on the separate support hearing at which that issue was considered and decided, the juvenile court lacked jurisdiction over her person, and, thus, the support order is null and void. The mother being correct, we vacate and set aside the support order.

On November 29, 1994, the State filed a petition alleging that the juvenile, being under the age of 18 years and lacking proper parental care by reason of the faults or habits of her mother, came within the court's jurisdiction under the provisions of Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1993). Although it contained no support allegations, it prayed for orders concerning the "care, custody, control and support" of the juvenile as might be appropriate.

After two unsuccessful efforts to serve process on the mother, a third summons was ultimately served on her on December 21, 1994, along with a copy of the petition, for a hearing scheduled the next day. At the December 22 hearing, the juvenile court determined that the mother had not received timely service and granted her counsel's motion for a continuance.

A fourth summons was then served upon the mother, along with a copy of the petition, for a hearing scheduled at 2:30 p.m. on January 24, 1995, together with a separate notice restating the date and time of the hearing.

As a result of that hearing, the juvenile court entered an order which, among other things, purported to delegate its judicial duty with regard to the setting of support under the provisions of Neb. Rev. Stat. § 43-290 (Reissue 1993) by requiring the mother, as "parent of said [juvenile]," to "contribute a sum for the [juvenile] as . . . support as mutually agreed upon by the parent and the [State]" and which further provided that if "a sum cannot be agreed upon, the [State] shall have the matter set for hearing . . . ."

Whatever may be the legality of the foregoing order, on January 30, 1995, the State filed an amended petition which continued to allege that the juvenile came within the purview

of § 43-247(3)(a), modified other allegations, and, notwithstanding that it contained no support allegations, prayed for the same relief as did the initial petition. After the mother was served with a fifth summons which referred to the operative amended petition and a separate notice for a pretrial hearing on the superseded November 29, 1994, petition, a sixth summons was served on her directing her to appear at 2 p.m. on April 3, 1995. This summons did not refer to any petition, nor did it make any reference to support being an issue. On this occasion, the mother was also served with a separate notice which informed her that an adjudication hearing would take place under the November 29, 1994, petition. In like fashion, the praecipe directed that the mother be served with a copy not of the amended petition, but of the "petition." In any event, service was by certified mail, and the record does not reflect that she was sent any petition. The record reflects that the adjudication hearing was held on April 14, 1995; it does not explain why it was not held as scheduled on April 3.

On April 18, 1995, the State filed with the juvenile court a motion for a support order. A copy of the support motion and a notice of hearing were hand delivered to counsel for the mother, but no summons regarding the motion was served on anyone.

The support hearing was held as originally scheduled on May 1, 1995, at which time counsel for the mother unsuccessfully orally objected to the juvenile court's exercise of jurisdiction over her on the basis that the mother had not been personally served with a summons as required by § 43-290.

There being no evidence that counsel for the mother sought any affirmative relief with respect to the support proceeding, this case is controlled by *In re Interest of Rondell B., ante* p. 928, 546 N.W.2d 801 (1996). The juvenile court having acquired no jurisdiction over the mother, its order of support is null and void.

Accordingly, the order of support is vacated and set aside.

VACATED AND SET ASIDE.

GERRARD, J., dissenting.

I dissent for essentially the same reasons expressed in *In re Interest of Rondell B., ante* p. 928, 546 N.W.2d 801 (1996).

Neb. Rev. Stat. § 43–267 (Reissue 1993) provides, once service has been perfected to a parent for a prior hearing, that notice of "any juvenile court hearing subsequent to the initial hearing, for which a summons or notice has been served or waived, shall be given to all parties either in court, by mail, or in such other manner as the court may direct." A separate summons is not required when, as in the instant case, the hearing on the motion for support is subsequent to the initial hearing for which a summons and petition were served.

In this case, on December 21, 1994, a summons and the petition were served on the mother. The petition contained a prayer for an order concerning the support of the juvenile. On December 22, a hearing was held at which a continuance was granted. At this point, a copy of the motion and notice of the hearing regarding support were properly delivered to the mother's counsel, and no further service of summons was required.

I would affirm the order of the juvenile court.

WRIGHT, J., joins in this dissent.