IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

KIRKELIE V. HENRY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

TIFFANY KIRKELIE, APPELLEE,

V.

JONATHAN HENRY, APPELLANT.

Filed June 20, 2017.    No. A-16-972.

Appeal from the District Court for Sarpy County: STEFANIE A. MARTINEZ, County Judge. Affirmed.

Joni Visek for appellant.

No appearance for appellee.

MOORE, Chief Judge, and RIEDMANN and BISHOP, Judges.

MOORE, Chief Judge.

INTRODUCTION

Jonathan Henry appeals from a Modified Domestic Abuse Protection Order entered by the district court for Sarpy County, finding that the ex parte domestic abuse protection order entered against Henry for the protection of Tiffany Kirkelie is to remain in effect until August 29, 2017. Jonathan argues no evidence was provided by Tiffany establishing a prima facie case upon which a protection order could be issued. For the reasons that follow, we affirm.

BACKGROUND

On August 29, 2016, Kirkelie, on behalf of Jayden Henry, a minor child, and herself, filed a Petition and Affidavit to Obtain Domestic Abuse Protection Order pursuant to Neb. Rev. Stat. § 42-924 (Reissue 2016) against Henry. The pleading stated that Jayden was 16 years of age, and that Jayden is the child of Henry and Kirkelie. The petition and affidavit contained a description

- 1 -

of an alleged physical assault of Kirkelie by Henry on August 25, 2016. Kirkelie alleged that Henry came to her house to pick up Jayden and as Jayden was getting into his car, Henry charged at Kirkelie, grabbed her, picked her up and slammed her into his car. Kirkelie further described that Henry then picked her up and threw her head first into the concrete, which caused her to lose consciousness. Kirkelie stated that she was taken by ambulance to the hospital where she was diagnosed with a severe concussion. Kirkelie also alleged that Henry not only hurt her physically, he was verbally abusive as well, all of which was witnessed by Jayden. Kirkelie alleged that Henry was arrested for third degree domestic assault.

On August 29, 2016, the court issued an Ex Parte Domestic Abuse Protection Order pursuant to Neb. Rev. Stat. §§ 42-924 and 42-925 (Reissue 2016) against Henry, to remain in effect for a period of one year unless modified by court order. Henry was served with the ex parte order later that evening.

On August 30, 2016, Henry filed a request for a hearing on the protection order. On August 31, the court entered an Order for Hearing, setting the matter for September 6, with an attached certificate of service indicating the notice of hearing was served upon Henry by mail that same day.

On September 6, 2016, the matter came before the court for hearing. Kirkelie was present, but Henry did not appear in court. Our record does not contain a bill of exceptions for this initial hearing. The court entered an Order Affirming Domestic Abuse Protection Order that same day, to remain in effect for a period of one year from the date the original order was issued.

On September 9, 2016, Henry filed a Verified Motion to Vacate, Set Aside, or Dismiss Protection Order and Notice of Hearing. Henry claimed to have not received notice of the hearing until receiving his mail on September 6, after the hearing occurred. The motion requested the opportunity for Henry "to be heard on the matter as the allegations made by (Kirkelie) in her affidavit are disputed." Furthermore, the motion requested the September 6 judgment be vacated and set aside and a new trial granted, pursuant to Neb. Rev. Stat. § 25-2001 (Reissue 2016), so that Henry could present his evidence.

On September 13, 2016, the court filed an Order for Hearing, setting Henry's motion for hearing on September 23. At the hearing, Henry was present with counsel and Kirkelie appeared pro se. The court initiated the hearing by stating to Henry's counsel that "it's your burden and your motion. So if you want to proceed." Henry's counsel proceeded to present evidence.

Henry testified regarding the events of August 25, 2016. He claimed that Kirkelie instigated the altercation between them during a visitation exchange of their daughter, Jayden. Henry testified that he observed an altercation between Kirkelie and Jayden, and he then exited his vehicle to address the situation. Henry claimed Kirkelie began yelling, ran towards him, and proceeded to push and shove him. In response, Henry pushed Kirkelie away from him, which caused Kirkelie to fall and hit her head on the cement. Henry claimed to have acted in self-defense against Kirkelie, and that he did not intend to harm anyone.

Jayden similarly testified that Kirkelie walked towards Henry, yelling at him, and proceeded to push him. Jayden observed Henry step back in response to Kirkelie pushing him, and then he pushed her off of him, causing Kirkelie to fall onto the ground. Jayden responded in the

negative when asked if she ever saw Henry initiate contact with Kirkelie. Jayden confirmed a desire to be released from the protection order.

Kirkelie did not cross-examine the witnesses. At the close of testimony, exhibits were offered by Henry and received into evidence, including an order of modification pertaining to a prior custody action between the parties, text messages, and a Facebook post by Kirkelie. These exhibits were marked as 2, 3, and 4, with the court noting that an "Exhibit 1" was offered at the previous hearing. However, our record does not contain Exhibit 1.

Following the admission of these exhibits, the court asked Kirkelie if she wished to testify, to which she responded "no." The court again asked "[i]s there anything you want to say in response to that evidence and testimony that we heard this morning?" Again Kirkelie responded "no." Henry's counsel then requested dismissal of the protection order, claiming Henry did not attempt to intentionally, knowingly, or recklessly cause bodily harm to Kirkelie, and did not place by means of a credible threat Kirkelie or Jayden in fear of bodily injury. Henry's counsel maintained that Henry was acting in self-defense. The court again asked Kirkelie if there was "[a]nything you'd like to say?" Kirkelie responded "no." The court concluded the hearing by stating that the protection order would remain in effect, with Jayden being removed from the order. There was no explicit ruling by the court on Henry's motion to vacate.

On September 23, 2016, the court entered a Modified Domestic Abuse Protection Order, removing Jayden from the original protection order and providing that the original order shall remain in effect for a period of one year from the date of the original order, to last until August 29, 2017.

Henry subsequently perfected this appeal.

ASSIGNMENTS OF ERROR

Henry assigns that the district court erred in issuing the modified domestic abuse protection order in the absence of any evidence from Kirkelie establishing a prima facie case upon which a protection order could be issued.

STANDARD OF REVIEW

A protection order pursuant to Neb. Rev. Stat. § 42-924 is analogous to an injunction. *Torres v. Morales*, 287 Neb. 587, 843 N.W.2d 805 (2014). Thus, the grant or denial of a protection order is reviewed de novo on the record. *Id*. In such de novo review, an appellate court reaches conclusions independent of the factual findings of the trial court. *Id*. However, where the credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the circumstances that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Id*.

An appellate court will reverse a decision on a motion to vacate or modify a judgment only if the litigant shows that the district court abused its discretion. *Whitesides v. Whitesides*, 290 Neb. 116, 858 N.W.2d 858 (2015). A judicial abuse of discretion exists when reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.

ANALYSIS

Henry argues that the district court erred in issuing the modified domestic abuse protection order in the absence of any evidence by Kirkelie establishing a prima facie case upon which such an order could be issued.

The Protection from Domestic Abuse Act (Neb. Rev. Stat. § 42-901 et seq.) provides that a victim of domestic abuse may file a petition and affidavit for a protection order with the clerk of the district court pursuant to Neb. Rev. Stat. § 42-924 (Reissue 2016). The Act defines abuse to include "[a]ttempting to cause or intentionally and knowingly causing bodily injury" and "[p]lacing, by means of credible threat, another person in fear of bodily injury." See Neb. Rev. Stat. § 42-903(1) (Reissue 2016).

The contested factual hearing in protection order proceedings is a show cause hearing, in which the issues before the court are whether the facts stated in the sworn application are true. *Mahmood v. Mahmud*, 279 Neb. 390, 778 N.W.2d 426 (2010). An ex parte order does not relieve the petitioner of the burden to establish by a preponderance of the evidence the truth of the facts supporting a protection order. *Id*. Evidence consists of facts admitted *at a trial* to establish or disprove the truth of allegations put in issue by the pleadings. *Mahmood v. Mahmud*, 279 Neb. at 397-398 (emphasis in original). The allegations of a petition require proof by evidence incorporated in the bill of exceptions. *Id*. A prima facie case may be established by a form petition and affidavit, but the petition and affidavit cannot be considered as evidence until offered and accepted at the trial as such. *Id*. See also, *Sherman v. Sherman*, 18 Neb. App. 342, 781 N.W.2d 615 (2010)(petition and affidavit for harassment protection not received in evidence may not be considered).

For the ex parte domestic abuse protection order to be continued in the present matter, Kirkelie was required to prove by a preponderance of the evidence that she was the victim of domestic abuse as defined in § 42-903(1). Although Henry argues that Kirkelie failed to establish a prima facie case, the record before us does not shed light upon whether she satisfied this burden at the September 6 hearing because we do not have a bill of exceptions from this hearing, or any indication that no bill of exceptions exists from this hearing. Henry suggests that the district court, in effect, permitted a new trial on September 23 and because Kirkelie did not offer evidence at this hearing, she failed to establish a prima facie case. However, there is no indication from the trial court that the September 23 hearing was a new trial. Rather, the district court essentially allowed for a reopening of the record to provide Henry an opportunity to offer evidence. At the commencement of the hearing, the court noted it was Henry's motion and therefore his burden. The court also referenced an exhibit offered at the prior hearing on September 6. Therefore, to address Henry's assigned error that there was insufficient evidence for entry of the protection order necessarily requires this court to consider the evidence from both hearings. However, as discussed below, the record on appeal is incomplete. In this appeal, Henry only requested the bill of exceptions from the September 23 hearing, at which he offered evidence to dispute the allegations in Kirkelie's petition and affidavit and at which Kirkelie offered no additional evidence. However, as noted above, the court noted that Exhibit 1 was offered at the previous hearing, which we can reasonably presume was the September 6 hearing. While Henry argues that Kirkelie failed to

present a record to support the issuance of the protection order, it was Henry's burden to present a record to support his assigned error.

Neb. Ct. R. App. P. § 2-105(B)(1)(b) provides that "[i]f the appellant intends to urge on appeal, that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the bill of exceptions must include all evidence relevant to the finding or conclusion." See also, *Centurion Stone of Neb. v. Whelan*, 286 Neb. 150, 835 N.W.2d 62 (2013) (it is incumbent upon appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors); *In re Interest of Rondell B.*, 249 Neb. 928, 546 N.W.2d 801 (1996) (it is appellant's duty to include in bill of exceptions matters which are material to issues presented for review); *Sanwich v. Jenson*, 244 Neb. 607, 508 N.W.2d 267 (1993) (appellate review impossible where appellant failed to provide sufficient bill of exceptions to analyze assigned error); *Ward v. Ward*, 220 Neb. 799, 373 N.W.2d 389 (1985) (decision of trial court affirmed where appellant failed to request complete record).

Henry argues that Kirkelie failed to adduce evidence at the September 23 hearing but he did not address whether she adduced sufficient evidence at the September 6 hearing. Because Henry did not request a bill of exceptions from the September 6 hearing, we are unable to determine what evidence, if any, was received at this hearing. Therefore, we are unable to find that Kirkelie did not satisfy her burden to establish the need for a protection order, as argued by Henry. Had Henry requested a bill from that hearing and had the court reporter certified that no bill was prepared, then Henry's argument would be persuasive.

At the conclusion of the September 23 hearing, during which the district court implicitly reopened the record to permit receipt of Henry's evidence, the district court determined that the protection order in favor of Kirkelie would continue. The court's implicit denial of the motion to vacate and its reopening of the record left it in the position of considering and weighing evidence from both hearings in reaching its decision to enter the modified protection order which excluded Jayden from the order but left the order intact as to Kirkelie. Because Henry did not seek or present a complete record to include evidence adduced at the September 6 hearing (or to affirmatively show that no evidence was received), we are left to conclude that the trial judge must have found that Henry's evidence was insufficient to rebut the evidence adduced in support of the protection order as to Kirkelie, but was sufficient to exclude Jayden from the order. Based upon the record before us and the procedural posture of this case, and giving weight to circumstances that the trial judge heard and observed the witnesses, we cannot say that the trial court erred in implicitly denying the motion to vacate, and entering the modified protection order in favor of Kirkelie.

## CONCLUSION

Based upon the record before us, we find no error by the district court in entering the modified domestic abuse protection order.

AFFIRMED.