WEST TOWN HOMEOWNERS ASSOCIATION, INC., A NEBRASKA CORPORATION, APPELLEE, V. MICHAEL D. SCHNEIDER, APPELLANT.

380 N.W.2d 265

Filed January 24, 1986.   No. 84-800.

David W. Jorgensen of Nye, Hervert, Jorgensen & Watson, P.C., for appellant.

Patrick J. Nelson of Jacobsen, Orr & Nelson, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

Defendant, Michael D. Schneider, appeals a summary judgment entered against him after denial of his special appearance, claiming no jurisdiction over his person. He assigns as error: (1) Unlawful service of summons by certified mail; and (2) Denial of due process. Both errors relate to Neb. Rev. Stat. § 25-505.01 (Supp. 1983), which provides that

> a plaintiff may elect to have service made by any of the following methods:
>
> . . . .
>
> (3) Certified mail service which shall be made by (a) within ten days of issuance, sending the summons to the defendant by certified mail with a return receipt requested showing to whom and where delivered and the date of delivery, and (b) filing with the court proof of service with the signed receipt attached.

Plaintiff, West Town Homeowners Association, Inc., filed a petition in the county court for Buffalo County to recover assessments from defendant. Its praecipe for summons filed March 26, 1984, requested service by certified mail upon defendant at 645 West Lakeshore Drive, Lincoln, Nebraska. The summons was issued the same day. On April 9, 1984, plaintiff's attorney filed his "proof of service" affidavit showing compliance with § 25-505.01(3) and that the certified mail was received by Lauri Schneider, believed to be defendant's spouse, on March 31, 1984, at 7605 Glenvale Drive, Omaha, Nebraska, which was the address given on the envelope. The original summons and return receipt were attached to the affidavit.

Defendant filed a special appearance objecting to jurisdiction over his person for five reasons, summarized as no valid service of summons served upon him; there were no supporting documents. Briefly, his argument is that the summons was delivered at an address other than stated in the praecipe and that it was not received by defendant.

At the special appearance hearing, both parties were represented by counsel. There is no preserved record of either the evidence or this proceeding other than the transcript. The special appearance was denied and defendant did not further

plead. Defendant did not oppose plaintiff's later motion for summary judgment, which was granted for $2,235.76 plus interest and costs. Defendant appealed to the district court and, without making an appearance, attempted to raise the constitutional issue of lack of due process. The district court noted the absence of a bill of exceptions from the county court special appearance hearing and defendant's failure to there raise any constitutional issues; the court then reviewed the proceedings for error on the record as provided in Neb. Rev. Stat. § 24-541.06 (Cum. Supp. 1982) and affirmed the judgment. Defendant appeals and we affirm.

Neb. Rev. Stat. § 25-506.01(2) (Cum. Supp. 1984) provides: "Service by certified mail shall be made by plaintiff or plaintiff's attorney." Neb. Rev. Stat. § 25-507.01 (Cum. Supp. 1984) provides in part: "(2) When service is by certified mail, the plaintiff or plaintiff's attorney shall file proof of service within ten days after return of the signed receipt. (3) Failure to make proof of service or delay in doing so does not affect the validity of the service." Neb. Rev. Stat. § 25-508.01(1) (Cum. Supp. 1984) provides: "An individual party, other than a person under the age of fourteen years, may be served by personal, residence, or certified mail service." Neb. Rev. Stat. § 25-1244 (Reissue 1979) provides: "An affidavit may be used . . . to prove the service of a summons, notice or other process, in an action . . . ." See, also, *T. S. McShane Co., Inc. v. Dominion Constr. Co.*, 203 Neb. 318, 278 N.W.2d 596 (1979). Neb. Rev. Stat. § 25-516.01 (Cum. Supp. 1984) states in part: "Prior to filing any other pleading or motion, a special appearance may be made for the purpose of objecting to the jurisdiction of the court over the person of the defendant."

An appearance is special when its *sole purpose* is to question the jurisdiction of the court; however, a further or later request for other relief may be a general appearance. *Ivaldy v. Ivaldy*, 157 Neb. 204, 59 N.W.2d 373 (1953).

It appears that defendant's concern to limit his appearance resulted in the incorrect position that he had no duty to support his special appearance in the county court hearing.

A special appearance is in the nature of a plea in abatement, and it is governed by the same rules. See *Gaines v. Warrick*, 113

Neb. 235, 202 N.W. 866 (1925). One who questions jurisdiction by a special appearance should specifically point out the defect which it is claimed prevents the court from acquiring jurisdiction. *Wendt v. Yant Construction Co.*, 125 Neb. 277, 249 N.W. 599 (1933). The burden of proving the facts necessary to sustain a special appearance is on the party pleading it. See 1 Am. Jur. 2d *Abatement, Survival, and Revival* § 39 (1962). See, also, 1 C.J.S. *Abatement and Revival* § 16b(2) (1936).

Having discussed the procedures involved here, we find that evidence in support of the assigned errors was not preserved in the bill of exceptions, which includes only the county court summary judgment proceedings and the district court's review on the record.

Assignments of error requiring an examination of the evidence are not available on appeal in the absence of a bill of exceptions that includes that evidence; the bill of exceptions is the only vehicle for bringing evidence to this court. This remains so even though certain evidence has been physically filed in the office of the clerk of the trial court. Where there is no such bill of exceptions, we are limited to an examination of the pleadings. If they are sufficient to support the judgment, it will be presumed on appeal that the evidence supports the trial court's orders and judgment. See, *Snyder v. Nelson*, 213 Neb. 605, 331 N.W.2d 252 (1983); *Wendt v. Yant Construction Co., supra*; *Gaines v. Warrick, supra*; *T. S. McShane Co., Inc. v. Dominion Constr. Co., supra*.

At the county court special appearance hearing, defendant had the burden to produce evidence supporting his special appearance. He also had the duty to preserve all evidence for later inclusion in a bill of exceptions filed with his appeal. Failing in this, we are limited to an examination of the pleadings to see if they are sufficient to support the court's orders and judgment. From such review it appears that the requirements of § 25-505.01(3) were met in that the summons was sent to defendant by certified mail, the return receipt shows to whom, where, and when it was delivered, and proof of service was filed with the original summons and signed receipt attached. It is presumed that the ruling of the county court denying the special appearance was correct. The same presumption prevails as to

the evidence supporting the judgment.

The constitutional question of due process was waived, since no record was preserved and it was first raised in this court. *Haeffner v. State*, 220 Neb. 560, 371 N.W.2d 658 (1985). Further, defendant did not notice the Nebraska Attorney General as required by Neb. Ct. R. 16A (rev. 1983).

AFFIRMED.