DOUGLAS ALLEN HARVEY, APPELLANT,
v. CYNTHIA HARVEY, APPELLEE.
575 N.W. 2d 167

Filed February 24, 1998.    No. A-96-841.

Michael F. Pistillo, of Pistillo & Pistillo, P.C., for appellant.

Ray Simon, of Tietjen, Simon & Boyle, for appellee.

MILLER-LERMAN, Chief Judge, and IRWIN and SIEVERS, Judges.

SIEVERS, Judge.

## INTRODUCTION

This appeal involves a Wisconsin divorce decree and its order for child support. The wife sought to enforce the child support order in Nebraska against the husband through wage withholding from his Nebraska employer. The husband resisted the Wisconsin child support order by filing a declaratory judgment action in the district court for Douglas County claiming that the Wisconsin court never had personal jurisdiction over him to enter a valid child support order. The wife entered a special appearance to the husband's action, which the district court sustained. At the same time, the court dismissed the husband's action. The husband appeals the dismissal of his declaratory judgment action to this court. We reverse, and remand.

## BACKGROUND

To begin, the bill of exceptions in this case contains only a discussion between counsel and the Douglas County District Court regarding the right of a Nebraska court to enforce a child support order entered by a Wisconsin court. The bill of exceptions from the Wisconsin proceeding is not included in our record. Therefore, all we can consider are the pleadings filed in the Douglas County court, which have pleadings and orders from the circuit court for Oconto County, Wisconsin, attached as exhibits.

Douglas Allen Harvey and Cynthia Harvey were married in Omaha, Nebraska, in 1992, and they have two minor children. In July 1995, while the family was residing in Omaha, Cynthia and the children went to Wisconsin, ostensibly to visit Cynthia's parents.

On January 11, 1996, Cynthia filed a petition for divorce in the circuit court for Oconto County, Wisconsin. Douglas responded by filing a motion to dismiss, which is not in our record but our record does contain the ruling of the Wisconsin court on that motion. The findings and order portion of the ruling recites that a hearing was held on Douglas' motion on March 18, 1996, and the order recites that the court "heard the testimony of the petitioner and respondent [Douglas]." In a memorandum decision filed March 22, 1996, the Wisconsin court denied the motion and stated:

Douglas Harvey is requesting that the action be dismissed. He alleges that neither party was a resident of this state for six months when the action was filed on January 11, 1996.

I find to the contrary. Cynthia Harvey was a resident of Oconto County and the State of Wisconsin beginning July 8, 1995. . . . [T]here was every indication that she intended to take up residency in Oconto County even though she was afraid to tell her husband of that decision. She arrived at her parents' home in Oconto County on July 8. On July 10, she wrote to the town clerk advising of her residence and her intent to vote. On July 17 she registered her child for school and made application to join the local church. On July 19 she applied for a job.

The Wisconsin court filed its findings and order on April 4, 1996, which provided:

Cynthia Harvey, was a resident of Oconto County and the State of Wisconsin beginning July 8, 1995.

I do further find and order that jurisdiction is established for the petitioner, Cynthia Harvey, to proceed with her divorce petition filed in Oconto County, State of Wisconsin on January 9, 1996 . . . .

Thereafter, on April 25, 1996, the Wisconsin circuit court held a hearing on Cynthia's petition for divorce, and on that date, the Wisconsin court entered a temporary order for child support by which Douglas was to pay "25% [of] gross income per month, payable bi-weekly, commencing April 25, 1996." This order recited that Douglas did not appear and that counsel did not appear for him at that hearing. In the words of his brief filed in this court, Douglas "did not further submit himself to the jurisdiction of that Court in the State of Wisconsin . . . ." Brief for appellant at 5-6. A copy of the child support order was forwarded to Douglas' employer, Hill Brothers Transportation in Omaha, for withholding and transmittal of the funds to Wisconsin pursuant to Neb. Rev. Stat. § 42-734 (Reissue 1993), which provides in pertinent part:

An income withholding order issued in another state may be sent by first-class mail to the person or entity defined as the obligor's employer under the Income Withholding

for Child Support Act . . . without first filing a petition or comparable pleading or registering the order with a tribunal of this state.

In response to the forwarding of the Wisconsin child support order to his employer, Douglas filed a petition for declaratory judgment on May 8, 1996, in the district court for Douglas County, Nebraska. His petition alleged that the child support order had been sent by Cynthia to his employer pursuant to the Uniform Interstate Family Support Act, Neb. Rev. Stat. § 42-701 et seq. (Reissue 1993), but that the Wisconsin court "did not and does not have personal jurisdiction" over him. The petition for declaratory judgment requested that the district court declare the child support order entered in the circuit court for Oconto County, Wisconsin, to be null and void and that the court declare § 42-734, by which the child support order was sent to his employer, unconstitutional and unenforceable. Douglas also moved the Nebraska court for an order quashing the temporary order for child support because Wisconsin did not have personal jurisdiction over him and the order violated his due process rights.

On May 29, 1996, Cynthia filed a special appearance in the district court for Douglas County, Nebraska, and alleged that Douglas had filed a divorce action in Douglas County in which her special appearance was pending but that he had done so after the time allowed by § 42-708 for him to file a responsive pleading in Wisconsin. Cynthia's special appearance then alleged:

That on April 30, 1996 the Wisconsin Court entered a temporary order for child support. Petitioner in this case [Douglas] did receive notice of said hearing but did not attend.

. . . Petitioner had ample opportunity to challenge any issues related to the divorce in the Wisconsin Court, but has chosen to forum shop, on the issue of jurisdiction, having unsuccessfully challenged jurisdiction in [the] Wisconsin Court.

Based upon the foregoing the Douglas County District Court does not have jurisdiction in this matter.

Section 42-708 provides in pertinent part:

A tribunal of this state may exercise jurisdiction to establish a support order if the petition or comparable pleading is filed after a petition or comparable pleading is filed in another state only if:

(1) the petition or comparable pleading in this state is filed before the expiration of the time allowed in the other state for filing a responsive pleading challenging the exercise of jurisdiction by the other state;

(2) the contesting party timely challenges the exercise of jurisdiction in the other state; and

(3) if relevant, this state is the home state of the child.

Douglas' motion to quash and Cynthia's special appearance came before the district court for Douglas County on May 29, 1996. No evidence was presented, and after briefing, the district court overruled Douglas' motion to quash and sustained Cynthia's special appearance. The court further found that "from an examination of the petitioner's petition [for declaratory judgment], there is no circumstance under which any amendment to said petition could overcome the jurisdictional objection raised by the respondent in her special appearance. Accordingly, the Court finds that this case should be dismissed with prejudice."

## ASSIGNMENTS OF ERROR

Douglas appeals and alleges that the district court for Douglas County, Nebraska, erred (1) in concluding that it did not have jurisdiction to rule on an order of the Wisconsin court; (2) in not determining that § 42-734 violated Douglas' federal and state constitutional rights to due process; and (3) in "sustaining the special appearance of the appellee, since the appellee's purpose was to object to subject matter jurisdiction, and not personal jurisdiction as required by Neb.Rev.Stat. Sec. 25-516.01 [(Reissue 1995)]."

## STANDARD OF REVIEW

When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an

appellate court to reach a conclusion independent from the decisions made by the lower courts. *In re Interest of Noelle F. & Sarah F.*, 249 Neb. 628, 544 N.W.2d 509 (1996).

## ANALYSIS

Douglas' action for declaratory judgment seeks to establish that the child support order entered by the Wisconsin court is null and void because the Wisconsin court lacked personal jurisdiction over him. Cynthia's response via a special appearance was to assert that since Douglas had unsuccessfully challenged jurisdiction in the Wisconsin court, the Douglas County District Court did not have jurisdiction to declare the Wisconsin court's order void. Cynthia's special appearance was the vehicle by which the dismissal now on appeal was entered by the district court.

Because jurisdictional challenges are made to both the Wisconsin order and the Nebraska action, we begin by recalling the purpose of a special appearance. A special appearance has as its sole purpose the office of questioning the jurisdiction of the court, and one who questions jurisdiction by a special appearance should specifically point out the defect which allegedly prevents the court from acquiring jurisdiction. *West Town Homeowners Assn. v. Schneider*, 221 Neb. 674, 380 N.W.2d 265 (1986). The burden of proving the facts necessary to sustain a special appearance is on the party pleading it. *Id.* Lack of personal jurisdiction can be waived, but lack of subject matter jurisdiction cannot be waived. *Concordia Teachers College v. Neb. Dept. of Labor*, 252 Neb. 504, 563 N.W.2d 345 (1997).

Cynthia's special appearance asserts that the Wisconsin court had jurisdiction to decree a divorce and to order child support. The special appearance addresses the merits of Douglas' claim that the Wisconsin child support order is void and cannot be enforced against him in Nebraska, rather than alleging a jurisdictional defect in the lawsuit brought by Douglas. Cynthia's special appearance does not allege that the Douglas County District Court lacks personal jurisdiction over her, nor does it allege that the district court lacks the power to take up the question of the validity or enforceability of the Wisconsin order, i.e.,

subject matter jurisdiction. See *In re Application of Burlington Northern RR. Co.*, 249 Neb. 821, 545 N.W.2d 749 (1996).

Cynthia proceeded under § 42-734 of the Uniform Interstate Family Support Act to secure the child support ordered by the Wisconsin court. This section of the act allowed her to send the Wisconsin order to Douglas' employer "without first filing a petition or comparable pleading or registering the order with a tribunal of this state." Under § 42-734, and the facts of this case, Douglas' employer was to treat the income order as if it had been issued by a Nebraska court, was to provide Douglas with a copy of the order, and was required to distribute the funds as directed in the withholding order. Douglas alleges that § 42-734 and the procedures therein violate his constitutional right to due process, which we shall address in more detail shortly. Notwithstanding Douglas' assertion to the contrary, § 42-734(b) does provide that "[a]n obligor [Douglas] may contest the validity or enforcement of an income withholding order issued in another state in the same manner as if the order had been issued by a tribunal of this state." Douglas' declaratory judgment action is clearly a "contest" of the validity and the enforcement of the Wisconsin support and income withholding order within the contemplation of § 42-734(b).

Without doubt, "[a] court of one state may inquire about another state court's jurisdictional basis." *Marriage of Daniel-Nordin*, 173 Wis. 2d 635, 647, 495 N.W.2d 318, 323 (1993). See, *Gruenewald v. Waara*, 229 Neb. 619, 428 N.W.2d 210 (1988) (holding foreign judgment can be collaterally attacked by evidence that rendering court was without jurisdiction); *Howell v. Fletcher*, 157 Neb. 196, 59 N.W.2d 359 (1953). In *Zenker v. Zenker*, 161 Neb. 200, 72 N.W.2d 809 (1955), the court held that a decree of divorce rendered in another state may be collaterally attacked by showing that the court was without jurisdiction, either of the subject matter of the suit or of the person of the defendant, without violating the Full Faith and Credit Clause of the federal Constitution. The law of this state has long been that where a judgment rendered in one state is challenged in another, a want of jurisdiction over either the person or the subject matter is open to inquiry. *Repp v. Repp*, 156 Neb. 45, 54 N.W.2d 238 (1952).

■ Section § 42-704 of the Uniform Interstate Family Support Act provides that the remedies set forth therein are cumulative and "do not affect the availability of remedies under other law." Thus, in addition to his common-law ability to have the Nebraska courts inquire into the jurisdiction of the Wisconsin court, § 42-734(b) gives Douglas the ability to contest the validity of an income withholding order issued by another state.

Douglas' brief asserts that § 42-734, providing for the enforcement of an unregistered support order from another state, deprives him of his constitutional due process protections of notice and an opportunity for hearing because there is no provision for him "to contest the validity of an *unregistered* foreign Order, served upon his . . . employer . . . ." Brief for appellant at 10. Although Douglas' petition for declaratory judgment seeks a declaration that § 42-734 is unconstitutional and unenforceable, Douglas did not comply with Neb. Ct. R. of Prac. 9E (rev. 1996) requiring service of his brief upon the Attorney General.

■ This court cannot determine the constitutionality of a statute, yet when necessary to a decision in the case before us, we do have jurisdiction to determine whether a constitutional question has been properly raised. *Bartunek v. Geo. A. Hormel & Co.*, 2 Neb. App. 598, 513 N.W.2d 545 (1994). The Nebraska Supreme Court has insisted upon strict compliance with rule 9E before constitutional challenges will be considered. *State v. Kelley*, 249 Neb. 99, 541 N.W.2d 645 (1996); *State v. McDowell*, 246 Neb. 692, 522 N.W.2d 738 (1994). We obviously do not decide any claim of unconstitutionality with respect to § 42-734. However, the temptation to write dicta is rather strong because the statute expressly provides for a challenge to the enforcement of a foreign child support order in the courts of this state. Additionally, common law provides the same opportunity because the Uniform Interstate Family Support Act does not affect the availability of other lawful remedies. See § 42-704.

*Divisibility Doctrine.*

■ Part and parcel of the notion that a foreign divorce decree, or as in this case an order of support, may be collaterally attacked in this state is the doctrine of the divisibility of for-

eign divorce decrees. "The 'divisibility doctrine' holds that while a state court may have jurisdiction over the marriage to cause its termination, that same court may lack personal jurisdiction to adjudicate 'personal matters' such as support or alimony." *Tiedeman v. Tiedeman*, 195 Neb. 15, 17, 236 N.W.2d 807, 809 (1975).

Although a court may have jurisdiction so that the termination of the marital status is entitled to full faith and credit, this recognition may be withheld from an accompanying money judgment when personal jurisdiction is lacking.

> A decree of divorce granted on constructive or substituted service of process may be divisible, that is, entitled to full faith and credit in other jurisdictions as far as it affects the marital status, and ineffective on other issues; but a decree based on personal service of process must be recognized as valid for all purposes.

27C C.J.S. *Divorce* § 787 at 465 (1986).

Even though there is no extrinsic evidence of what occurred in Wisconsin, we are free to examine the Wisconsin court orders in the record. See *Repp v. Repp*, 156 Neb. 45, 54 N.W.2d 238 (1952). It is clear that Douglas filed a motion to dismiss in Wisconsin and that he attacked Cynthia's claim of domicile in Wisconsin; the Wisconsin court recited that it heard testimony from Douglas with respect to his motion. The law in Wisconsin is that a party cannot enter an appearance, request affirmative relief from the court, and then later argue that the court was without personal jurisdiction. *Artis-Wergin v. Artis-Wergin,* 151 Wis. 2d 445, 444 N.W.2d 750 (Wis. App. 1989). More specifically, the Wisconsin Supreme Court has stated in *Lees v. ILHR Department*, 49 Wis. 2d 491, 182 N.W.2d 245 (1971), that the majority of jurisdictions hold that a party who appears to object to the court's jurisdiction of the subject matter thereby submits to the jurisdiction of the court to his person. The Wisconsin court in *Lees* went on to state, in following the majority rule, that the rule is predicated upon the theory that an objection to subject matter jurisdiction relates to the merits and to grant relief the defendant must be regularly before the court.

Nebraska law is the same. Before any other pleading or motion, a defendant may file a special appearance for the

sole purpose of objecting to a court's assertion or exercise of personal jurisdiction over the defendant. *Williams v. Gould, Inc.*, 232 Neb. 862, 443 N.W.2d 577 (1989). A defendant's participation in proceedings on any issue other than jurisdiction over the person, as well as the defendant's request for other relief, constitutes general appearance. *In re Interest of Rondell B.*, 249 Neb. 928, 546 N.W.2d 801 (1996). "A motion to dismiss is a request which invokes the power of the court on an issue other than jurisdiction and is a general appearance." *Eliason v. Devaney*, 228 Neb. 331, 333, 422 N.W.2d 356, 358 (1988) (holding that it has long been rule that filing of motion to dismiss, motion to make more definite and certain, motion to strike or for continuance, or any motion invoking power of court on any question other than jurisdiction constitutes general appearance and confers jurisdiction over moving party), citing *State v. Wedige*, 205 Neb. 687, 289 N.W.2d 538 (1980).

From the Nebraska pleadings, Douglas did not file a special appearance in Wisconsin. Moreover, he sought affirmative relief by objecting to Cynthia's domicile and asking that the case be dismissed. He also appeared with counsel and testified. In *Cook v. Cook*, 342 U.S. 126, 127-28, 72 S. Ct. 157, 96 L. Ed. 146 (1951), the Court said:

> If the defendant spouse appeared in the Florida proceedings and contested the issue of the wife's domicile (*Sherrer v. Sherrer*, 334 U. S. 343[, 68 S. Ct. 1087, 92 L. Ed. 1429 (1948),]) or appeared and admitted her Florida domicile (*Coe v. Coe*, 334 U. S. 378[, 68 S. Ct. 1094, 92 L. Ed. 1451 (1948),]) or was personally served in the divorce state (*Johnson v. Muelberger*, 340 U. S. 581, 587[, 71 S. Ct. 474, 95 L. Ed. 552 (1951)]), he would be barred from attacking the decree collaterally; and so would a stranger to the Florida proceedings, such as respondent, unless Florida applies a less strict rule of *res judicata* to the second husband than it does to the first.

Thus, on the record before us, Douglas' claim of lack of personal jurisdiction by the Wisconsin court seems destined for failure. See, also, *Davis v. Davis*, 305 U.S. 32, 59 S. Ct. 3, 83 L. Ed. 26 (1938) (claim that appearance was only special rejected when movant challenged plaintiff's domicile to file divorce

action in Virginia). However, we point out that we do not have an evidentiary record as to what actually happened in Wisconsin, and we acknowledge that the recitations in the Wisconsin orders about Douglas' actions in Wisconsin, i.e., the motion to dismiss and that he testified, could be proven inaccurate. But the Douglas County District Court dismissed the case upon a special appearance, finding that Douglas could not amend in any way to overcome the allegations of the special appearance. This result and the trial court's reasoning are flawed because by alleging that Wisconsin lacked personal jurisdiction over him, Douglas alleged sufficient facts in his declaratory judgment action to contest the validity of the Wisconsin support order. Under the divisibility doctrine, even if Cynthia were domiciled in Wisconsin, the child support order is still subject to examination by a Nebraska court.

Thus, the holding of the district court that there is nothing more Douglas could allege that could possibly overcome Cynthia's allegation that the Wisconsin court had jurisdiction is fundamentally unsound in the context of a special appearance and given the potential that the divisibility doctrine might apply. Douglas has already alleged what he needs to allege, i.e., a lack of personal jurisdiction. Cynthia, although designating her pleading as a special appearance, does not allege anything in that special appearance, as she is required to do, which would show either a lack of personal jurisdiction over her or a lack of subject matter jurisdiction in the Douglas County District Court. Subject matter jurisdiction is apparent, as she has brought the Wisconsin order to Nebraska for enforcement, and as outlined earlier, the Nebraska courts have the right to inquire into the validity of the underlying out-of-state order. Whether the facts will bear out Douglas' allegations is another matter for another day. But the district court treated Cynthia's special appearance like a demurrer. (When a demurrer to a petition is sustained, a court must grant leave to amend the petition unless it is clear that no reasonable possibility exists that amendment will correct the defect. *Giese v. Stice*, 252 Neb. 913, 567 N.W.2d 156 (1997).) Rather than ruling on Cynthia's special appearance as though it was a demurrer, the court should have overruled her special appearance and simply let the case pro-

ceed to the next step. Moreover, Douglas' action for declaratory judgment should not have been dismissed, at least not in the course of ruling upon Cynthia's special appearance.

## CONCLUSION

We reverse the sustaining of the special appearance, reverse the dismissal of the lawsuit, and remand the cause to the district court for Douglas County for further proceedings.

REVERSED AND REMANDED.