LAW LIBRARY

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 29348

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PHILIP A. BROWN, Plaintiff-Appellee,
v.
PROGRESSIVE DIRECT INSURANCE COMPANY, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 07-1-0049)

MEMORANDUM OPINION
(By:  Nakamura, C.J., Foley and Leonard, JJ.)

Defendant-Appellant Progressive Direct Insurance
Company (PDIC) appeals from the Final Judgment entered on
July 22, 2008 in the Circuit Court of the Fifth Circuit (circuit
court).[1]  The circuit court entered judgment in favor of
Plaintiff-Appellee Philip A. Brown (Brown) and against PDIC (1)
for declaratory relief pursuant to the June 22, 2007 Order
Granting [Brown's] Motion for Summary Judgment and (2) pursuant
to the June 22, 2007 Order Denying [PDIC's] Cross-Motion for
Summary Judgment.

On appeal, PDIC raises the following points of error:

(1)  The circuit court erred in granting Brown's Motion
for Summary Judgment and denying PDIC's Cross-Motion for Summary
Judgment because

(a)  relitigation of the issues raised by PDIC in the
Nebraska Declaratory Relief Action[2] was precluded by the full
faith and credit clause of the United States Constitution and the
doctrine of res judicata;

---

[1]  The Honorable Kathleen N.A. Watanabe presided.

[2]  PDIC is licensed in Nebraska as Progressive Halcyon Insurance
Company.  For continuity, we will refer to each of the Nebraska and Hawai'i
companies as PDIC.

(b) relitigation of the issues raised by PDIC in the Nebraska Declaratory Relief Action was precluded by the principle of interstate comity;

(c) Nebraska Law, not Hawai'i law, governed PDIC's obligations under the insurance policy; and

(d) whether Nebraska law or Hawai'i law governed, Brown was not entitled to stack Uninsured Motorist (UM) limits.

(2) The circuit court erred in concluding that the Nebraska court did not have subject matter jurisdiction.

## I. BACKGROUND

On or about December 25, 2005, Brown was a passenger in a vehicle that was involved in an automobile accident on Kauai, and Brown suffered injuries as a result of the accident. The driver of the vehicle in which Brown was a passenger was uninsured. The driver of the second vehicle involved in the accident fled the scene and was unidentified.

At the time of the accident, Brown was insured by two motor vehicle policies, and each policy provided UM coverage with a liability limit of $25,000 per person/$50,000 per accident. Brown applied for and paid the premiums on these policies as a resident of Nebraska. PDIC issued these policies to Brown in Nebraska, and the amount of premiums Brown paid on the policies was based on a Nebraska "garaging zip code."

Both policies had an "other insurance" provision, which limited the "total amount that may be recovered as damages for bodily injury arising out of one accident . . . [to] the highest limit of the available uninsured or underinsured motorist coverage in any one policy." (Emphasis in original.)

Brown submitted claims and a settlement demand to PDIC for the maximum amount of UM benefits under both policies ($25,000 each -- for a total of $50,000 in UM benefits). PDIC, relying on the "other insurance" provisions of the policies, agreed to pay only "the pro-rata limits of $12,500 to settle [Brown's UM] claim." Brown contested the "other insurance"

provision of the policies as invalid under Hawai'i law, which permits the stacking of UM benefits under multiple policies. PDIC responded that Nebraska law, which did not permit stacking, governed the insurance policies.

On or about March 9, 2007, PDIC sent two checks to Brown totaling $25,000, the maximum UM benefits permitted under the "other insurance" provision and Nebraska law.

## A.    Nebraska Declaratory Relief Action

On March 14, 2007, PDIC filed a complaint for declaratory judgment against Brown in Nebraska district court. In the complaint, PDIC prayed

> that the Court construe Nebraska law and the two policies issued by [PDIC] and enter a declaratory judgment declaring that [PDIC] has paid [Brown] all benefits owed to him under both policies arising out of the injuries [Brown] sustained as a result of the December 25, 2005, collision.

On March 15, 2007, PDIC served Brown by sending certified mail, return receipt requested, a copy of the complaint and summons to Brown at a Nebraska address. On March 17, 2007, the complaint and summons was received at the Nebraska address and signed for by a Bonnie L. Brown. PDIC filed a "return of Summons" showing proof of service and the signed receipt with the Nebraska district court on March 19, 2007.

On March 20, 2007, Brown contacted Terry Diggins (Diggins), a casualty specialist with PDIC, regarding the Nebraska Declaratory Relief Action.

Brown failed to answer the complaint or request an extension of time to answer within the time permitted under Nebraska law. On April 19, 2007, PDIC moved for default judgment against Brown. On April 30, 2007, the Nebraska district court filed an order granting PDIC's motion for default judgment (Nebraska Default Judgment), finding that

> (1) Nebraska law governs the present dispute between the parties; (2) [PDIC] has performed all of its duties and obligations under the policies it issued to [Brown] as well as all of its obligations and duties under Nebraska law; and (3) [Brown] is not entitled to any further compensation from

[PDIC] for any injuries he sustained during a December 25, 2005, single-vehicle accident in the State of Hawaii.

## B.    Hawai'i Declaratory Action

On March 27, 2007, Brown filed a Complaint for Declaratory Relief against PDIC in Hawai'i.  Brown's complaint prayed that

> this court declare that the full [UM] motorist coverage of $25,000 under each policy, for a total of $50,000 of [UM] coverage under [Brown's] insurance policies issued by [PDIC] applies to the subject claims arising out of the subject collision.

On May 16, 2007, Brown moved for summary judgment and requested that the circuit court "declare, as a matter of law, that [Brown's UM] coverages under his two motor vehicle insurance policies apply separately and fully to the motor vehicle collision that occurred on or about December 25, 2005 in the County of Kauai, State of Hawaii."

On May 18, 2007, PDIC filed a cross-motion for summary judgment and argued that

> the claim asserted by [Brown] herein, i.e., that he is entitled to "stack" [UM] insurance policy limits under two insurance policies issued in Nebraska, has already been litigated in a declaratory relief action in Nebraska, which resulted in the entry of a default judgment against [Brown]. *Res judicata* bars relitigation of [Brown's] claim, and the Full Faith and Credit Clause of the [United States] Constitution requires that this court accord the Nebraska judgment the same preclusive effect that it would have in Nebraska's courts.

The circuit court granted Brown's motion for declaratory relief, denied PDIC's cross-motion, and reduced these rulings to a Final Judgment on July 22, 2008.  PDIC timely appealed.

## II.   STANDARDS OF REVIEW

### A.   Summary Judgment

The Hawai'i Supreme Court has stated that an appellate court

> reviews the circuit court's grant of summary judgment de novo. *Price v. AIG Hawai'i Ins. Co.*, 107 Hawai'i 106, 110, 111 P.3d 1, 5 (2005). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  [Hawai'i Rules of Civil Procedure] Rule 56(c).

Gillan v. Gov't Employees Ins. Co., 119 Hawai'i 109, 114, 194 P.3d 1071, 1076 (2008).

### B.    Res Judicata

Res judicata, or claim preclusion, is a doctrine that limits "a litigant to one opportunity to litigate aspects of the case to prevent inconsistent results and multiplicity of suits and to promote finality and judicial economy."  Bremer v. Weeks, 104 Hawai'i 43, 53, 85 P.3d 150, 160 (2004) (footnote omitted). Res judicata "prohibits a party from relitigating a previously adjudicated cause of action."  Id. (internal quotation marks and citation omitted).  In addition,

> the judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter, and precludes the relitigation, not only of the issues which were actually litigated in the first action, but also of all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided.

Id. (brackets and emphasis in original omitted) (quoting Foytik v. Chandler, 88 Hawai'i 307, 314, 966 P.2d 619, 626 (1998)). Finally,

> [t]he party asserting claim preclusion has the burden of establishing that (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question.

Bremer, 104 Hawai'i at 54, 85 P.3d at 161.

### III.   DISCUSSION

A.    THE FULL FAITH AND CREDIT CLAUSE OF THE UNITED STATES CONSTITUTION AND THE DOCTRINE OF RES JUDICATA BAR RELITIGATION OF BROWN'S ENTITLEMENT TO FULL BENEFITS UNDER BOTH INSURANCE POLICIES.

PDIC argues that the April 30, 2007 Nebraska Default Judgment against Brown bars the Hawai'i declaratory action, which

Brown instituted on March 27, 2007 and which ended in a Final Judgment on July 22, 2008. We agree.

In the Nebraska Default Judgment, the Nebraska court found that

> (1) Nebraska law governs the present dispute between the parties; (2) [PDIC] has performed all of its duties and obligations under the policies it issued to [Brown] as well as all of its obligations and duties under Nebraska law; and (3) [Brown] is not entitled to any further compensation from [PDIC] for any injuries he sustained during a December 25, 2005, single-vehicle accident in the State of Hawaii.

The Hawai'i Final Judgment confirmed (1) the Order Granting Brown's Motion for Summmary Judgment, which found:

> (2)   There is no genuine issue of material fact and [Brown] has shown that he is entitled to judgment as a matter of law.

and (2) the Order Denying PDIC's Cross-Motion for Summary Judgment, which found:

> (1)   This Court has jurisdiction of the parties and the subject matter of this action.
>
> (2)   The District Court of Lancaster County, State of Nebraska, lacked competent jurisdiction to decide the issues in this case which arose out of a motor vehicle accident that occurred in Hawaii and to which Hawaii law applies.
>
> (3)   [PDIC] has not shown that it is entitled to judgment as a matter of law.

The full faith and credit clause of the United States Constitution[3] and the doctrine of res judicata dictate that the Nebraska judgment bars the Hawai'i judgment as a matter of law.

In _Durfee v. Duke_, 375 U.S. 106, 109, 84 S. Ct. 242, 244 (1963), the United States Supreme Court explained:

> The constitutional command of full faith and credit, as implemented by Congress, requires that "judicial proceedings * * * shall have the same full faith and credit in every court within the United States * * * as they have by law or usage in the courts of such State * * * from which they are taken." [28 U.S.C. § 1738.] Full faith and credit

---

[3]   Article IV, Section 1, of the United States Constitution provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

thus generally requires every State to give to a judgment at least the res judicata effect which the judgment would be accorded in the State which rendered it. "By the Constitutional provision for full faith and credit, the local doctrines of res judicata, speaking generally, become a part of national jurisprudence, and therefore federal questions cognizable here." Riley v. New York Trust Co., 315 U.S. 343, 349, 625 S. Ct. 608, 612 (1942).

**B.   THE NEBRASKA DISTRICT COURT HAD JURISDICTION OVER THE PARTIES AND THE SUBJECT MATTER.**

The Nebraska district court had personal jurisdiction over Brown and subject matter jurisdiction over PDIC's claim for declaratory relief.

**1.   Personal jurisdiction under Nebraska law**

Under Nebraska law, courts exercise personal jurisdiction over parties through proper service of process. Stewart v. Hechtman, 581 N.W.2d 416, 419-20 (Neb. 1998) (discussing personal service as prerequisite to personal jurisdiction); Holmstedt v. York County Jail Supervisor (Name Unknown), 739 N.W.2d 449, 459 (Neb. Ct. App. 2007), rev'd on other grounds, 745 N.W.2d 317 (Neb. 2008) ("Valid service of process is a prerequisite to the court's exercise of personal jurisdiction.") (citing to Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 105, 108 S. Ct. 404, 410 (1987)).

Nebraska Revised Statutes (Neb. Rev. Stat.) § 25-505.01 permits service of process by certified mail:

> (1)   Unless otherwise limited by statute or by the court, a plaintiff may elect to have service made by any of the following methods:
>
>    . . . .
>
> (c)   Certified mail service which shall be made by (i) within ten days of issuance, sending the summons to the defendant by certified mail with a return receipt requested showing to whom and where delivered and the date of delivery, and (ii) filing with the court proof of service with the signed receipt attached[.]

PDIC argues that it properly served Brown under Neb. Rev. Stat. § 25-505.01(1)(c). On March 14, 2007, PDIC filed its complaint for declaratory judgment against Brown in Nebraska district

court. One day later, PDIC mailed by certified mail with return-receipt requested (showing to whom and where delivered and date of delivery) a copy of the Summons and Complaint and Praecipe to Brown at his Nebraska address. A Bonnie L. Brown signed the return receipt on March 17, 2007, and PDIC filed this signed receipt and proof of service with the Nebraska district court on March 19, 2007.

In the Nebraska Default Judgment, the district court deemed this service of process proper: "Considering the evidence adduced by [PDIC], this Court finds that there was due and proper service of the Summons upon [Brown] as described by the Statutes of Nebraska."

At the hearing on the motions for summary judgment, Brown argued:

> Additionally, [Brown] was not served, nor could he have been served in the manner proposed by [PDIC]. [Brown] has not returned to Nebraska since prior to the collision. And he was in Hawaii. He has been a temporary resident of Hawaii since December of 2005. And there was no effort to make personal service on Mr. Brown either in Nebraska or in Hawaii.
>
> And it is my understanding that -- it is correct that service was made by mail to his last known address and it was signed for by someone other than [Brown]. So when it was sent by certified mail, it was not designated to be delivered to the addressee only. So, clearly, [Brown] was not served with the Nebraska action.

We construe Brown's argument to mean that effective service under Neb. Rev. Stat. § 25-505.01(1)(c) requires that the addressee receive and sign for the notice.

PDIC responds that Nebraska courts read Neb. Rev. Stat. § 25-505.01(1)(c) more liberally.

In West Town Homeowners Ass'n, Inc. v. Schneider, 380 N.W.2d 265, 267 (Neb. 1986), the defendant by special appearance objected on grounds of unlawful service[4] to the lower court's assertion of personal jurisdiction. The lower court denied the

---

[4] Defendant actually objected to jurisdiction on five grounds, summarized as invalid service and lack of supporting documents. 380 N.W.2d at 267.

special appearance and defendant appealed the denial. Id. The facts indicate that a person believed to be the defendant's wife received the summons sent by certified mail and addressed to the defendant. Id. The Nebraska Supreme Court nonetheless affirmed the lower court's denial of defendant's special appearance:

> From such review it appears that the requirements of § 25-505.01(3) were met in that the summons was sent to defendant by certified mail, the return receipt shows to whom, where, and when it was delivered, and proof of service was filed with the original summons and signed receipt attached. It is presumed that the ruling of the county court denying the special appearance was correct.

Id. at 268.

The Nebraska case undercuts Brown's argument that service on him by certified mail was invalid because he was not present at his last known address and did not receive the summons. PDIC substantially complied with Neb. Rev. Stat. § 25-505.01(1)(c). Even if there were a defect, Brown had actual notice of the Nebraska declaratory action. In Diggins' affidavit attached to PDIC's Motion for Default Judgment in the Nebraska Declaratory Relief Action, Diggins stated that "[o]n or about March 20, 2007, I received a phone call from [Brown] regarding the [Nebraska Declaratory Relief Action]. I provided him with some information regarding the general nature of the claim and then advised him to confer with his attorney for further explanation and analysis." There was effective service of process under Nebraska law.

   2.   **Subject matter jurisdiction under Nebraska law**

Under Nebraska law, subject matter jurisdiction is the "court's power to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject involved in the action before the court and the particular question which it assumes to determine." McClellan v. Bd. of Equalization of Douglas County, 748 N.W.2d 66, 70 (Neb. 2008) (footnote omitted). PDIC filed its complaint for declaratory judgment with the Nebraska district court. The

Nebraska district court has the power to hear and determine actions for declaratory judgment. Neb. Rev. Stat. § 25-21,149 (authorizing "[c]ourts of record within their respective jurisdictions" to hear declaratory judgments); see also Nebraska Constitution, art. V, § 9 ("The district courts shall have both chancery and common law jurisdiction, and such other jurisdiction as the Legislature may provide[.]").

Brown argues that "[w]hen there is a choice of law question, it follows that the state whose law applies has subject matter jurisdiction over the case." In support of his argument, Brown cites to Peters v. Peters, 63 Haw. 653, 634 P.2d 586 (1981). A vehicle driven by Mr. Peters and in which Mrs. Peters was a passenger was involved in an accident on the island of Maui, and Mrs. Peters was injured in the accident. Id. at 655, 634 P.2d at 588. Although Mr. and Mrs. Peters were residents of New York, Mrs. Peters filed suit against Mr. Peters in Hawai'i to collect insurance proceeds. Id. The issue before the Hawai'i Supreme Court was whether to apply Hawai'i's inter-spousal tort immunity rule or New York law, which permitted suits between spouses. Id. at 655-56, 634 P.2d at 588. Citing policy reasons, the Peters court applied Hawai'i's inter-spousal tort immunity rule. Id. at 664-67, 634 P.2d at 593-95.

Peters does not stand for the proposition Brown argues. While Peters involves a choice of law issue, it does not address subject matter jurisdiction. The two are distinct. See Iowa ex rel. Miller v. Baxter Chrysler Plymouth, Inc., 456 N.W.2d 371, 378 (Iowa 1990) (noting that "subject matter jurisdiction should not be confused with . . . whether a state's choice of law rules permit application of its laws to a transaction which occurred in whole or in part outside of its borders.").

The Nebraska district court had subject matter jurisdiction.

C.    THE NEBRASKA DEFAULT JUDGMENT WAS A FINAL JUDGMENT ON THE MERITS.

The Nebraska Default Judgment constituted a final judgment for res judicata purposes.  In <u>Matsushima v. Rego</u>, 67 Haw. 556, 559, 696 P.2d 843, 845 (1985), the Hawai'i Supreme Court noted that default judgments are valid judgments for res judicata purposes for all claims within the scope of relief for which a party prays.  <u>See</u> <u>Fuller v. Pac. Med. Collections, Inc.</u>, 78 Hawai'i 213, 219, 891 P.2d 300, 306 (App. 1995) (citations omitted) ("[A] default judgment is a final judgment to which collateral estoppel applies . . . unless the default judgment is void."); <u>accord</u> <u>Mabile v. Drivers Mgmt., Inc.</u>, 660 N.W.2d 537, 543 (Neb. Ct. App. 2003) ("Summary judgments, judgments on directed verdict, judgments after trial, default judgments, and consent judgments are all generally considered to be on the merits for purposes of res judicata.").

Brown argues that the Nebraska Default Judgment was merely an order.  Although the Nebraska Default Judgment is titled "Order," it grants default judgment against Brown:  "For the reasons set forth herein, the Court finds that default judgment should be, and hereby is, GRANTED."  For purposes of res judicata, the Nebraska Default Judgment is a final judgment on the merits.

D.    THE NEBRASKA AND HAWAI'I DECLARATORY ACTIONS INVOLVED THE SAME PARTIES AND THE SAME CLAIM.

The Nebraska and Hawai'i declaratory actions involved Brown and PDIC and both resolved Brown's maximum entitlement to benefits under his two insurance policies with PDIC.

E.    NO EXCEPTIONS TO THE APPLICATION OF RES JUDICATA UNDER HAWAI'I LAW ARE PRESENT.

Brown argues that under Hawai'i law, courts will not give res judicata effect to judgments obtained by fraud.  Brown further argues that PDIC committed fraud on the Nebraska district court by refusing to

inform the Nebraska court that Brown's claims were made in Hawai'i, that his claims were being handled in Hawai'i by a Hawai'i adjuster at [PDIC's] Hawai'i claims office, that Brown was represented by counsel for these claims, [and] that Brown's counsel of record for these claims was located in Hawai'i[.]

PDIC did not mislead the Nebraska district court. We simply cannot say that PDIC's silence amounted to fraud on the court, precluding the grant of res judicata to the Nebraska Default Judgment. <u>McBryde Sugar Co. v. Robinson</u>, 54 Haw. 174, 178, 504 P.2d 1330, 1334 (1973) (noting that a final judgment "without fraud" has preclusive effect).

## IV. CONCLUSION

The Final Judgment entered on July 22, 2008 in the Circuit Court of the Fifth Circuit is reversed.

DATED: Honolulu, Hawai'i, May 5, 2010.

On the briefs:

Richard B. Miller
Patricia Kehau Wall
David R. Harada-Stone
(Tom Petrus & Miller, LLLC)
for Defendant-Appellant.

Susan L. Marshall
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

12